IN RE SPERROW.

(No. 8154—Decided June 22, 1976.)

*Mr. Edwin C. Pierce,* for petitioner.

*Mr. Stephen M. Gabalac,* prosecuting attorney, and *Mr. Carl M. Layman, III,* for respondent.

*Per Curiam.* This is an original action by Marion F. Sperrow for a writ of habeas corpus in which he alleges that the Court of Common Pleas acted without authority in revoking his $110,000 bail for aggravated murder and robbery.

The undisputed facts are as follows. Petitioner Sperrow was arrested on charges of aggravated murder and aggravated robbery on April 6, 1976. Sperrow was released upon $110,000 bail posted in the Barberton Municipal Court. After bindover, the grand jury on May 5 returned indictments for aggravated murder with aggravating specifications and aggravated robbery. That same day, the presiding judge of the Court of Common Pleas signed a journal entry transferring the bail money from the case on which Sperrow had been bound over to the case on which he was jointly indicted with four others. On May 11, Sperrow was arraigned before another judge to whom the case was properly assigned. The assigned judge revoked the bail. Sperrow commenced this action on May 17 and it was heard by the court on June 22. In the interim, after a hearing on the petition, a jury acquitted one of the joint indictees whose trial had been severed. Subsequently, a stipulation was submitted which shows that Sperrow appeared on June 28 before the assigned judge for trial with the remaining joint indictees.

The assigned judge overruled the prosecutor's motion as to Sperrow for a *nolle prosequi* based upon insufficient evidence. The judge then severed Sperrow's trial from the joint indictment. He also denied Sperrow's request for bail and remanded him to the county jail to await trial.

Sperrow's arguments are twofold. The first is that the assigned judge was without authority to revoke his

bail since an accused has a right to the continuance of bail under Crim. R. 46(J), if no condition had been broken under Crim. R. 46(K) or (M). He also says that the presiding judge's order of May 5 set his bail after indictment for a capital offense and thereby, in effect, found the presumption was not great or the proof evident.

We reject the first argument. When arrested, Sperrow was charged with aggravated murder by affidavit without any specifications being set forth. The death penalty was thus precluded under R. C. 2929.03 and R. C. 2929.04. He was entitled to bail as a matter of right under Crim. R. 46(A), and Section 9, Article I of the Ohio Constitution. However, when Sperrow was indicted, on May 5, for aggravated murder with specifications, it became a capital case and the assigned judge was empowered with the discretion to determine if the proof was evident or the presumption great. Obviously, he did so find and could properly deny Sperrow further release on bail.

The second argument is that in view of the prosecutor's motion for *nolle prosequi,* the proof is no longer evident nor the presumption great and the offense is bailable. We agree.

Accordingly, it is hereby ordered that the writ of habeas corpus shall issue on the 48th hour after the filing of this decision and the petitioner, Marion F. Sperrow, shall be released upon a bail of $110,000 to await trial on the charges of aggravated murder with specifications and aggravated robbery (allegedly occurring on August 26, 1975), provided, however, that the writ shall not issue if the assigned judge shall within the 48 hours set a reasonable bail on those charges and any others now pending against the petitioner.

*Writ allowed.*

VICTOR, P. J., MAHONEY and BRENNEMAN, JJ., concur.