THORNTON, APPELLANT, *v.* RUSSELL, WARDEN, APPELLEE.

[Cite as *Thornton v. Russell* (1998), 82 Ohio St.3d 93.]

(No. 97–2378—Submitted May 13, 1998—Decided June 10, 1998.)

94

*Ronald E. Thornton, pro se.*

---

**Per Curiam.** Thornton asserts in his propositions of law that the court of appeals erred in dismissing his habeas corpus petition. Thornton's assertions, however, are meritless for the following reasons.

First, any defect in the criminal complaint filed in municipal court is not cognizable in habeas corpus because Thornton was never convicted and sentenced on the complaint. Instead, the criminal complaint was dismissed, and Thornton was convicted and sentenced upon the indictment. See, *e.g., State v. Wac* (1981), 68 Ohio St.2d 84, 87, 22 O.O.3d 299, 301, 428 N.E.2d 428, 431, fn. 2 (Any flaw in criminal complaint deemed harmless error where defendant ultimately convicted and sentenced upon charges in subsequent indictment.).

Second, Thornton's remaining claim attacks the validity and sufficiency of his indictment and is nonjurisdictional in nature; it should have been raised on direct appeal of his criminal conviction and sentence rather than in habeas corpus. *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273, 1274; *VanBuskirk v. Wingard* (1998), 80 Ohio St.3d 659, 660, 687 N.E.2d 776, 777 ("[A] grand jury foreperson's failure to sign an indictment does not deprive the trial court of jurisdiction or otherwise entitle a criminal defendant convicted and sentenced on the indictment to a writ of habeas corpus.").

Finally, Thornton did not verify his petition, as required by R.C. 2725.04. *Leal v. Mohr* (1997), 80 Ohio St.3d 171, 173, 685 N.E.2d 229, 230–231.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.