[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 160.]

SHIE, APPELLANT, *v.* LEONARD, WARDEN, APPELLEE.

[Cite as *Shie v. Leonard*, 1998-Ohio-318.]

*Habeas corpus to compel relator's release from prison—Petition dismissed, when.*

(No. 98-1673—Submitted November 10, 1998—Decided December 16, 1998.)

APPEAL from the Court of Appeals for Allen County, No. 1-98-36.

———————————

{¶ 1} In January 1993, a grand jury returned an indictment charging appellant, David Zion Shie, with two counts of rape and two counts of gross sexual imposition. The charges related to conduct occurring on and after July 1, 1991, which was Shie's eighteenth birthday. After Shie pled guilty to one count of rape and one count of gross sexual imposition, the Wayne County Court of Common Pleas convicted him of those offenses and sentenced him to an aggregate prison term of seven to twenty-seven years.

{¶ 2} In 1998, Shie filed a petition in the court of appeals for a writ of habeas corpus to compel his release from prison. Shie claimed that any rape he committed occurred when he was less than eighteen years old and that his trial court thus lacked jurisdiction to convict and sentence him for that crime. Shie also contended that he was innocent of rape because he was in the navy during the time the offense was claimed to have taken place. Appellee, Allen Correctional Institution Warden Michael Leonard, filed an answer. The court of appeals dismissed Shie's petition.

———————————

*David Zion Shie, pro se*.

*Betty D. Montgomery*, Attorney General, and *Diane Mallory*, Assistant Attorney General, for appellee.

———————————

*Per Curiam.*

{¶ 3} In his propositions of law, Shie asserts that the court of appeals erred in dismissing his habeas corpus petition. In order to withstand dismissal, a petition for a writ of habeas corpus must conform to R.C. 2725.04 and state with particularity the extraordinary circumstances entitling the petitioner to the writ. *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11. For the following reasons, Shie's claims were insufficient to withstand dismissal.

{¶ 4} First, as the court of appeals correctly held, the trial court had jurisdiction over Shie because he was charged, convicted, and sentenced for offenses that occurred when he was an adult. Shie's plea of guilty constituted a complete admission of the charges for which he was convicted and sentenced. *State ex rel. Stern v. Mascio* (1996), 75 Ohio St.3d 422, 423, 662 N.E.2d 370, 372; Crim.R. 11(B)(1).

{¶ 5} Second, Shie's claim that the indictment charges were inaccurate because the rape count to which he pled guilty actually occurred before the dates specified attacks the validity or sufficiency of his indictment and is not cognizable in habeas corpus. *Thornton v. Russell* (1998), 82 Ohio St.3d 93, 94, 694 N.E.2d 464, 465.

{¶ 6} Finally, Shie has or had adequate legal remedies such as a petition for postconviction relief and motion to withdraw his guilty plea to raise his contentions concerning the accuracy of the indictment and his innocence. Cf. *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 47, 676 N.E.2d 108, 109.

{¶ 7} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————