SHIE, APPELLANT, *v.* LEONARD, WARDEN, APPELLEE.

[Cite as *Shie v. Leonard* (1998), 84 Ohio St.3d 160.]

(No. 98–1673—Submitted November 10, 1998—Decided December 16, 1998.)

*David Zion Shie, pro se.*

*Betty D. Montgomery,* Attorney General, and *Diane Mallory,* Assistant Attorney General, for appellee.

*Per Curiam.* In his propositions of law, Shie asserts that the court of appeals erred in dismissing his habeas corpus petition. In order to withstand dismissal, a petition for a writ of habeas corpus must conform to R.C. 2725.04 and state with particularity the extraordinary circumstances entitling the petitioner to the writ.

*McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11. For the following reasons, Shie's claims were insufficient to withstand dismissal.

First, as the court of appeals correctly held, the trial court had jurisdiction over Shie because he was charged, convicted, and sentenced for offenses that occurred when he was an adult. Shie's plea of guilty constituted a complete admission of the charges for which he was convicted and sentenced. *State ex rel. Stern v. Mascio* (1996), 75 Ohio St.3d 422, 423, 662 N.E.2d 370, 372; Crim.R. 11(B)(1).

Second, Shie's claim that the indictment charges were inaccurate because the rape count to which he pled guilty actually occurred before the dates specified attacks the validity or sufficiency of his indictment and is not cognizable in habeas corpus. *Thornton v. Russell* (1998), 82 Ohio St.3d 93, 94, 694 N.E.2d 464, 465.

Finally, Shie has or had adequate legal remedies such as a petition for postconviction relief and motion to withdraw his guilty plea to raise his contentions concerning the accuracy of the indictment and his innocence. Cf. *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 47, 676 N.E.2d 108, 109.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.