Petitioner is the defendant in State v. Hassink, Cuyahoga County Court of Common Pleas Case No. CR-366654. He is charged with two counts of theft in violation of R.C. 2913.02. After petitioner failed to appear for trial on February 17, 1999, the court of common pleas issued a bond forfeiture and a capias. Counsel for petitioner indicates that petitioner's failure to appear was due to a miscommunication with prior counsel. Additionally, counsel states that, on February 17, 1999, petitioner voluntarily surrendered.
By entry dated February 24, 1999, the court of common pleas denied petitioner's request for withdrawal of the capias and release on bond. In that entry, the court of common pleas noted that the Columbiana County Court of Common Pleas revoked petitioner's bond and issued a warrant for petitioner's arrest inState v. Hassink, Columbiana County Court of Common Pleas Case No. 98-CR-50, after petitioner failed to appear for a hearing set for January 14, 1999 on a charge of aggravated theft.
Petitioner remains in the custody of respondent and argues that his detention violates his right to bail under Section 9, ArticleI, Ohio Constitution and the Eighth Amendment to the United States Constitution. Petitioner requests that this court grant relief in habeas corpus and order a reasonable bond with appropriate conditions.
In State ex rel. Cruz v. McFaul (Dec. 22, 1998), Cuyahoga App. No. 75670, unreported, the court of common pleas revoked bail and issued a capias after it appeared that the petitioner failed to appear for trial.
 [T]he Court of Common Pleas is instructed to conduct forthwith, a hearing and make a determination as to whether the petitioner was present for trial on December 7, 1998. * * *. If the Court of Common Pleas determines that the petitioner was not present for trial on December 7, 1998, then the action of the Court of Common Pleas, which remanded the petitioner, is a lawful one undertaken to insure the appearance of petitioner for the January 5, 1999 trial. Pursuant to Crim.R. 46, the Court of Common Pleas possesses the discretion to determine if the proof is evident or the presumption great to revoke bail upon an affirmative determination thereof. In re Sperrow
(1976), 49 Ohio App.2d 142.
Id. at 3 (emphasis, punctuation and capitalization in original).
Counsel for petitioner acknowledges that "the Petitioner was not present at what was to be the commencement of his Trial [in Case No. CR-366654]." Petition, at 1 (capitalization in original) In light of Cruz, therefore, we hold that the order of the court of common pleas remanding petitioner to the custody of respondent is lawful. Nevertheless, we note that, in Cruz, the trial date for the petitioner was set for approximately two weeks after this court's disposition of the action in habeas corpus. Although we recognize that a trial court judge requires substantial flexibility in scheduling cases, we also recognize that unwarranted delays in commencing the trial in Case No. CR-366654 could constitute unlawful detention. As a consequence, we instruct the court of common pleas to commence the trial of petitioner in Case No. CR-366654 on or before April 15, 1999.
We also note that petitioner "did not verify his petition as required by R.C. 2725.04. Thornton v. Russell (1998), 82 Ohio St.3d 93,95, 694 N.E.2d 464, 465." Russell v. Mitchell (1999),84 Ohio St.3d 328, 329, ___ N.E.2d ___. See also Loc.App.R. 45(B)(1)(a).
Accordingly, we dismiss this action sua sponte. Petitioner to pay costs.
Writ dismissed.
LEO M. SPELLACY, J. CONCURS; TIMOTHY E. McMONAGLE, J.,CONCURS IN JUDGMENT ONLY.
 ___________________________________ TERRENCE O'DONNELL PRESIDING JUDGE