[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 368.]

THE STATE EX REL. DOZIER, APPELLANT, *v*. MACK, WARDEN, APPELLEE.

[Cite as *State ex rel. Dozier v. Mack*, 1999-Ohio-387.]

*Habeas corpus to compel prison warden to release relator from prison—Petition dismissed, when.*

(No. 98-2491—Submitted March 31, 1999—Decided April 28, 1999.)

APPEAL from the Court of Appeals for Madison County, No. CA98-08-029.

———————————

{¶ 1} In October 1978, in two criminal cases based on indictments charging appellant, Michael Dozier, with numerous criminal offenses, the Cuyahoga County Court of Common Pleas convicted Dozier of one count of aggravated murder, three counts of aggravated robbery, one count of aggravated burglary, and six counts of rape. The common pleas court sentenced Dozier to life imprisonment on his aggravated murder conviction and to consecutive seven-to-twenty-five-year terms on the other convictions. The common pleas court also ordered that Dozier's sentences in these two cases be served consecutively to Dozier's sentences in a third criminal case.

{¶ 2} In August 1998, Dozier filed a petition for a writ of habeas corpus to compel appellee, Dozier's prison warden, to release him from prison. Dozier attached copies of the common pleas court's 1978 judgments of conviction and sentence in two of his criminal cases but did not attach a copy of his judgment of conviction and sentence in a third criminal case referred to in the other two judgment entries. Dozier claimed that he was entitled to be released from prison because no criminal complaints had ever been filed in his criminal cases. Appellee filed a motion to dismiss. The court of appeals granted appellee's motion and dismissed Dozier's habeas corpus petition.

{¶ 3} This cause is now before the court upon an appeal as of right.

_____

*Michael Dozier, pro se.*

*Betty D. Montgomery*, Attorney General, and *Michele M. Schoeppe*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 4}** Dozier asserts in his sole proposition of law that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, the court of appeals correctly dismissed the petition.

**{¶ 5}** First, any defect by the alleged failure to file criminal complaints is not cognizable in habeas corpus because Dozier was convicted and sentenced upon indictments rather than complaints. *Thornton v. Russell* (1998), 82 Ohio St.3d 93, 94, 694 N.E.2d 464, 465, citing *State v. Wac* (1981), 68 Ohio St.2d 84, 87, 22 O.O.3d 299, 301, 428 N.E.2d 428, 431, fn. 2.

**{¶ 6}** Second, Dozier did not attach copies of all of his pertinent commitment papers to his petition. R.C. 2725.04(D); *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11. Although the attachments to his petition refer to a third criminal sentence, commitment papers for that sentence are not attached. *Smith v. Mitchell* (1998), 80 Ohio St.3d 624, 625, 687 N.E.2d 749, 750.

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____