Earnest McMinn pled guilty to, and was convicted of, two counts of rape of a person under age thirteen, with or without specific knowledge of the victim's age, one count of forcible rape, and two counts of disseminating harmful material to minors. The court imposed two life sentences, one six to twenty-five year sentence, and two two to five year sentences, respectively, to be served concurrently. The conviction and sentencing were journalized on December 31, 1981. On July 31, 1998, McMinn made a "Motion To Withdraw Plea of Guilty or Alternatively Ad Hoc Motion For Judicial Release." That motion was summarily denied on September 28, 1998. McMinn has appealed the denial of that motion.
McMinn has assigned as error that the 1998 trial court abused its discretion by (1) declining to determine whether the 1981 trial court failed to comply with Crim.R. 11, by not informing him that he would not be eligible for probation; and (2) failing to compel specific performance of the plea bargain agreement, on the terms as he understood them to be, by exempting him from the effects of the recent administrative changes in the parole system. Both assigned errors arise out of the trial court's dismissal, without an evidentiary hearing or explicit analysis, of his motion to withdraw his plea pursuant to Crim.R. 32.1.
 I
McMinn was convicted and sentenced in 1981. He did not directly appeal his conviction and sentence. Since that time, he has filed approximately 30 challenges to his conviction, sentence, and continued incarceration. Those challenges include at least four petitions for postconviction relief. He has filed at least two prior motions to withdraw his guilty plea, at least one of which he explicitly described as authorized by Crim.R. 32.1.[1] On September 3, 1985, McMinn filed a motion for leave to withdraw his guilty plea, which the trial court denied on January 22, 1986, by journal entry. He filed a second motion to withdraw his guilty plea on January 30, 1992. The trial court denied that, as well, by its March 19, 1992 journal entry.
On at least one occasion, this court has specifically considered the 1981 trial court's compliance with Crim.R. 11. In denying a motion for leave to file a delayed appeal, this court reviewed the transcript of the plea hearing and determined "that the trial court went well beyond that which is required by Crim.R.11(C)(2) in ascertaining whether the appellant's pleas were knowingly and voluntarily entered." State v. McMinn (July 26, 1995), Medina 2454-M, unreported journal entry.
The agreement, as articulated in the transcript of the December 4, 1981 proceeding,[2] was that McMinn would plead guilty to five of fourteen offenses for which he was indicted. In exchange, the State of Ohio agreed to drop the remaining nine charges and to recommend that charges against his co-defendant wife be reduced to probationable offenses. McMinn specifically acknowledged that he understood there was no guarantee that his wife would actually be placed on probation and he denied that any other promises were made to him. As part of the December 28, 1981 sentencing hearing, McMinn was explicitly told that the Department of Corrections would have jurisdiction over him once he left the County Jail and, aside from making a recommendation that he receive treatment, the court had "no power over [him] any further than that[.]" After being so informed, he agreed to continue with sentencing.
II
Compliance with Crim.R. 11
 A motion to withdraw a guilty plea after sentencing is permitted to correct a manifest injustice. See Crim.R. 32.1. A motion subsequent to direct appeal, or one which is made beyond the expiration of the time for direct appeal, "seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated * * * is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. Although a motion to withdraw a guilty plea is a postconviction mechanism for obtaining relief, the asserted injustice is not necessarily of a constitutional nature. The Ohio Supreme Court has not precluded the possibility that, even after Reynolds, a motion pursuant to Crim.R. 32.1 remains a separate postconviction remedy. See Shie v. Leonard (1998), 84 Ohio St.3d 160, 161; Douglas v. Money (1999) 85 Ohio St.3d 348, 349. To the extent that the errors asserted are nonconstitutional in nature, we do not find that review of a trial court's denial of a Crim.R. 32.1 motion is barred by the limits on second and successive petitions for postconviction relief.[3]
Because postconviction relief actions have historically been viewed as quasi-civil, the principle of res judicata applies to them. See State v. Nichols (1984), 11 Ohio St.3d 40, 41-42. Res judicata acts to bar relitigation of the same issue by the same two parties. The United States Supreme Court observed that
"`[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.' We have stressed that `[the] doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice[.]'" Federated Dept. Stores, Inc. v. Moitie (1981), 452 U.S. 394, 401,69 L.Ed.2d 103, 110-111 (internal citations omitted, alterations in the original aside from the final period). Any issue that was, or should have been, litigated in a prior action between the parties may not be relitigated. See State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus.
Here, McMinn has had at least seven opportunities to litigate compliance with Crim.R. 11. All of McMinn's prior motions to withdraw his guilty plea were made after the trial court complied with, or failed to comply with, the dictates of Crim.R. 11. The adjudication of each of these prior motions bars him from relitigating any issue arising from the same transaction or occurrence, namely the plea, conviction and sentencing proceedings. SeeGrava v. Parkman Twp.(1995), 73 Ohio St.3d 379, syllabus. In addition, any postconviction relief petitions pursuant to R.C. 2953.21 act as res judicata to bar a Crim.R. 32.1 motion to withdraw a plea based upon constitutional improprieties to the same extent that would bar a PCR petition on the same issue.[4] See State v. Pasturzak (Dec. 17, 1998), Scioto App. No. 98CA2587, unreported. Finally, this Court has specifically determined that the trial court complied with Crim.R. 11.
The 1998 trial court properly refused to relitigate the 1981 trial court's compliance with Crim.R. 11. McMinn's first assignment of error is overruled.
B. Administrative Changes in Parole System
McMinn's second assignment of error is based upon changes in the parole system that have occurred since his last Crim.R. 32.1 motion. In its discretion, the trial court may permit a defendant to withdraw his plea of guilty or no contest in order to correct a manifest injustice. Crim.R. 32.1. The burden of demonstrating that manifest injustice will result if he is not permitted to withdraw his plea falls on the defendant. State v. Smith (1977),49 Ohio St.2d 261, paragraph one of the syllabus. If, taking the facts alleged by the defendant as true, the defendant still would not have met his burden of demonstrating a manifest injustice the trial court may dispose of the motion without an evidentiary hearing. See State v. Hamed (1989), 63 Ohio App.3d 5, 7; see also State v. Blatnik (1984), 17 Ohio App.3d 201. The trial court's determination that he has not met this burden will not be reversed, absent an abuse of discretion. Smith ,49 Ohio St.2d at 264.
Since the defendant's previous motion, the Ohio Department of Corrections has revised its regulations and internal guidelines regarding parole evaluations.[5] McMinn has asserted that these recent changes in the parole system, if applied to him, breach the plea agreement he entered into with the state by making it impossible for him to be released at the time he expected to be released when he agreed to plead guilty.
The trial court explicitly informed McMinn, at the time of sentencing, that once the sentence was imposed the trial court did not have jurisdiction over his incarceration. After being told this, McMinn agreed to continue with sentencing. There is nothing in the record to indicate that he had an agreement with the state, or even obtained any informal promises by the state, that he would serve the minimum sentence so long as he maintained a satisfactory prison record. At the sentencing hearing McMinn specifically acknowledged that no other promises were made.[6] Once McMinn pled guilty and McMinn and his wife were sentenced, both McMinn and the state had performed their respective parts of the plea agreement.
Because performance of the agreement was complete by December 31, 1981, or shortly thereafter, no action by the state after the 1992 disposition of his Crim.R. 32.1 motion could have breached that agreement. Taking as true McMinn's assertion that recent changes in the parole system may increase the length of his incarceration, under the contract theory he has asserted he has not met his burden of establishing a manifest injustice that would require that he be permitted to withdraw his plea. Because of this, the trial court was not required to hold an evidentiary hearing, and its summary disposition of his motion was not an abuse of discretion. McMinn's second assignment of error is overruled.
 III
McMinn's first assignment of error is overruled because res judicata barred the trial court from addressing the merits of the errors alleged to have occurred prior to the adjudication of his previous Crim.R. 32.1 motion(s). Because no promises were made to McMinn about the portion of his sentence he would actually serve, and because the trial court explicitly warned McMinn it had no jurisdiction once he began his incarceration, changes in the way parole is administered cannot breach his plea bargain agreement. Under those circumstances it was not an abuse of discretion for the trial court to refuse to permit him to withdraw his guilty plea, and we overrule his second assignment of error as well. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
FOR THE COURT
CARR, J.
WHITMORE, J.
CONCUR
[1] The record contains the docket of all the filings and journal entries under Case No. 7086 in the Medina Court of Common Pleas. The summary of prior actions is taken from the trial court docket, copies of documents filed by either McMinn or the State, and from the few original documents actually contained in the materials compiled and transmitted by the Medina Court of Common Pleas. Because of this, the precise contents of every document cannot be ascertained. The completion of the record is the responsibility of the appellant. App.R. 9(B) and 10(A).
[2] McMinn has not established the existence of any different agreement.
[3] In previous cases, we were presented with postconviction Crim.R. 32.1 motions which were premised upon constitutional violations. See e.g., State v. Shie (July 23, 1997) Wayne App. No. 96CA0073, unreported, 3. On the strength of Reynolds, we construed those motions as petitions for postconviction relief, and subjected them to the limitations placed on such motions pursuant to R.C. 2953.21. See id.
[4] In addition, pursuant to the guidance of our prior decisions, a motion that is premised on a violation of McMinn's constitutional rights would be barred, under the circumstances in this case, as an unpermitted petition for postconviction relief.
[5] Compare O.A.C. 5120:1-1-10(B)(2) with the version in effect in 1981 (changing the maximum time permitted between parole hearings from five years to ten years). See also Reginald A. Wilkinson, Ohio Parole Board Guidelines Manual 2 (March 1, 1998) (noting that "[f]or those offenders who will[, based on their placement on a seriousness of offense/risk of reoffense grid,] be required to serve more than ten years additional time the Board will schedule a 10-year reconsideration hearing.")
[6] Although he now asserts that other promises were made, his opportunity to establish those other promises, via direct appeal or prior postconviction proceedings, has long since passed, and we take the agreement at its face value.