JOURNAL ENTRY AND OPINION
Timothy M. Nash, relator, commenced this action with the filing of a "Writ of Injunction." He claims to be wrongfully indicted and is seeking an "instanter to discharge," a release from confinement. The state responded with a Motion for Summary Judgment, which we grant for the reasons argued by the prosecutor and for those that follow.
Release from confinement is generally sought through a writ of habeas corpus. To be entitled to a writ of habeas corpus, a petitioner must show that he or she is being unlawfully restrained. R.C. 2725.01. If it appears that a petitioner is being confined pursuant to an order or judgment of a court having jurisdiction to issue the order or judgment, the writ of habeas corpus will not be issued. R.C. 2725.05. Petitioner herein does not challenge the jurisdiction of the committing judge, but instead raises issues as to whether he was properly indicted. Challenges to the validity and/or sufficiency of an indictment are not cognizable in a habeas action. Thornton v. Russell (1998), 82 Ohio St.3d 93,694 N.E.2d 464. Petitioner has an adequate remedy via appeal to test his indictment. Id. Accordingly, respondent's motion for summary judgment is granted.
Writ denied. Costs assessed against petitioner. Clerk of court to serve notice upon all parties as provided in Civ.R. 58(B).
TERRENCE O'DONNELL, J. CONCURS