This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Petitioner-Appellant Michael T. Peters has appealed from an order of the Lorain County Court of Common Pleas that dismissed his petition for habeas corpus relief. This Court affirms.
 I {¶ 2} In June 2000, Appellant was issued a traffic citation in Licking County charging him with driving under the influence ("DUI") in violation of R.C. 4511.19 and driving while his license was suspended in violation of R.C. 4507.02. The citation also charged Appellant with driving left of center and failure to control, in violation of local municipal ordinances.
 {¶ 3} In September 2000, the Licking County grand jury returned an indictment charging Appellant with DUI. The indictment charged the offense as a fourth degree felony, on the basis that Appellant had been convicted of or pleaded guilty to three or more DUI violations within the past six years.
 {¶ 4} Two months later, the September 2000 indictment against Appellant was dismissed, and another indictment was issued charging Appellant with the same violation. This second indictment charged the offense as a third degree felony, on the grounds that Appellant had previously been convicted of or pleaded guilty to a felony DUI violation.
 {¶ 5} On the date scheduled for trial, Appellant failed to appear in court. He was later apprehended and brought before the court, and entered a plea of no contest to the third degree felony DUI charge. The trial court accepted the no contest plea, convicted Appellant, and sentenced him to a two-year term of imprisonment, an $800 fine, and a ten-year license suspension. The judgment entry containing Appellant's sentence was subsequently amended to specify that one hundred twenty days of Appellant's two-year prison sentence was mandatory.
 {¶ 6} After Appellant had been sentenced for the DUI violation, a separate indictment was issued charging Appellant with failure to appear on the original date of his trial on the DUI charge. Appellant entered a plea of guilty to the charge, and the court sentenced him to a term of nine months imprisonment, to be served consecutively with his sentence for the DUI conviction.
 {¶ 7} In March 2002, Appellant filed a petition for a writ of habeas corpus in the Lorain County Court of Common Pleas. In the petition, Appellant claimed that he was being held in violation of his constitutional right to due process of law because a proper charging instrument had not been filed against him. Specifically, Appellant contended that the trial court lacked subject matter jurisdiction to entertain the DUI charge against him because an affidavit charging the offense was never filed pursuant to R.C. 2935.09. Appellant requested a hearing on his petition and an order instructing Respondent-Appellee Carl Anderson, Warden of the Grafton Correctional Institution, to terminate his "unlawful detention."
 {¶ 8} Appellee responded by filing a motion to dismiss Appellant's petition. In his motion, Appellee argued 1) that Appellant's claim was barred by res judicata, 2) that Appellant failed to attach the necessary commitment papers to his petition, and 3) that Appellant was not entitled to relief because his maximum sentence had not yet expired. Appellant responded to the motion, and filed several other motions. In June 2002, the trial court entered an order granting Appellee's motion to dismiss the petition. Appellant has appealed from this order, asserting three assignments of error. This Court has consolidated Appellant's assignments of error to facilitate review.
 II Assignment of Error Number One {¶ 9} "[APPELLANT] WAS DENIED DUE PROCESS OF LAW, WHEN HE WAS TRIED, CONVICTED, AND SENTENCED BY THE LICKING COUNTY COURT OF COMMON PLEAS, WITHOUT A PROPER CHARGING AFFIDAVIT WHICH IS A PREREQUISITE TO THE COURT'S SUBJECT MATTER JURISDICTION BEING INVOKED. THIS IS IN VIOLATION OF R.C. 2935.09 (EXHIBIT A, PAGE 18), THE OHIO CONSTITUTION, ARTICLE I § 16
(EXHIBIT B, PAGE 19), AND THE CONSTITUTION OF THE UNITED STATES, AMENDMENT XIV § 1 (EXHIBIT C, PAGE 20)."
 Assignment of Error Number Two {¶ 10} "THE DEFENSES RAISED IN [APPELLEE'S] MOTION TO DISMISS, WERE NOT SUFFICIENT TO DISMISS APPELLANT'S ACTION, AND WERE ERRONEOUS IN THE FACTS PRESENTED BY [APPELLEE]."
 Assignment of Error Number Three {¶ 11} "[APPELLANT'S] ACTION WAS DISMISSED WITHOUT ALLOWING AMENDMENT."
 {¶ 12} In all three assignments of error, Appellant has argued that the court of common pleas erred in granting Appellee's motion to dismiss the petition. Although the lower court's journal entry granting Appellee's motion does not specify the reasons for its dismissal, we agree that dismissal of Appellant's petition was proper.
 {¶ 13} "R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas action. First, application is by petition that contains certain information. Then, if the court decides that the petition states a facially valid claim, it must allow the writ. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." (Citations omitted.) Pegan v. Crawmer (1995),73 Ohio St.3d 607, 609. R.C. 2725.26 further provides that "proceedings upon a writ of habeas * * * may be reviewed on appeal as in other cases."
 {¶ 14} In his petition, Appellant argued that the trial court never obtained subject matter jurisdiction over the action in which he was convicted of DUI because no charging affidavit was filed as prescribed by R.C. 2935.09. That statute provides:
 {¶ 15} "In all cases not provided by [R.C. 2935.02 to R.C. 2935.08, inclusive], in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer, or a private citizen having knowledge of the facts, shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed, or shall file such affidavit with the prosecuting attorney or attorney charged by law with the prosecution of offenses in court or before such magistrate, for the purpose of having a complaint filed by such prosecuting or other authorized attorney."
 {¶ 16} As an initial matter, subject matter jurisdiction is conferred upon the court of common pleas by R.C. 2931.03, which provides: "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."
 {¶ 17} In addition, R.C. 2935.09 does not provide the exclusive method for instituting a criminal prosecution. Rather, that statute requires the filing of an affidavit in those cases where a peace officer or a private citizen wishes to have the prosecuting attorney file a complaint in order to cause an individual's arrest or prosecution. See, e.g., State v. Manley (June 21, 1996), 7th Dist. No. 95-CO-54, 1996 Ohio App. LEXIS 2611, at *7-8, appeal not allowed (1996), 77 Ohio St.3d 1484. In cases where proceedings are instituted by indictment, however, R.C.2939.22 sets forth the relevant procedure: "Indictments found by a grand jury shall be presented by the foreman to the court of common pleas * * *. The court shall assign such indictments for trial under [R.C.2945.02][.]"
 {¶ 18} Moreover, Crim.R. 7(A) provides:
 {¶ 19} "A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that indictment in writing and in open court."
 {¶ 20} In the instant case, Appellant pleaded guilty to a DUI charge that was brought by indictment. Appellant's arguments regarding the absence of a criminal complaint or affidavit are therefore inapposite. See Thornton v. Russell (1998), 82 Ohio St.3d 93, 94; see, also, State ex rel. Richardson v. Winston, 8th Dist. No. 80425, Motion No. 33191, 2001-Ohio-4145, at 2 (holding that where the petitioner was convicted and sentenced upon an indictment, "the absence of a criminal complaint is irrelevant and does not void the petitioner's conviction"). Finally, "habeas corpus is not available to test the validity or sufficiency of an indictment or an amended indictment." State ex rel.Bragg v. Seidner (2001), 92 Ohio St.3d 87, 2001-Ohio-152.
 {¶ 21} Accordingly, the lower court did not err in dismissing Appellant's petition for a writ of habeas corpus. We need not address Appellant's remaining arguments under these assignments of error. See App.R. 12(A)(1)(c).
 III {¶ 22} Appellant's assignments of error are overruled. The judgment of the court of common pleas is affirmed.
CARR, P.J., BATCHELDER, J. CONCUR.