{¶ 1} Petitioner-appellant George Cummings [hereinafter appellant] appeals the August 23, 2002, Judgment Entry of the Richland County Court of Common Pleas which dismissed appellant's petition for habeas corpus. Respondent-appellee is the Ohio Department of Rehabilitation and Corrections.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} Appellant is an inmate incarcerated at the Mansfield Correctional Institution, Richland County, Ohio. On November 16, 1995, appellant was found guilty by a Cuyahoga County, Ohio, jury of one count of murder, with firearm specification, and two counts of attempted murder, with firearm specifications. Appellant was sentenced to a term of incarceration of 15 years to life for murder, plus three years for the firearm specification, to run consecutive to and prior to the 15 years to life sentence. Appellant was sentenced to ten to 25 years on each count of attempted murder, with ten years actual incarceration, plus three years actual incarceration for the firearm specifications, to run consecutive to and prior to the ten to 25 year sentence. The court ordered that the sentences for attempted murder run concurrently with each other and consecutively with the sentence imposed for murder.
 {¶ 3} Appellant appealed. The Eighth District Court of Appeals affirmed appellant's conviction.
 {¶ 4} On July 17, 2001, appellant filed a petition for a Writ of Habeas Corpus in the Cuyahoga County Court of Common Pleas. The Cuyahoga County Court of Common Pleas dismissed the petition for lack of jurisdiction on August 29, 2001.
 {¶ 5} On April 3, 2002, appellant filed a petition for a Writ of Habeas Corpus in the Richland County Court of Common Pleas naming Reginald Wilkinson, the Director of the Ohio Department of Rehabilitation and Correction, Margaret Bagley, Warden of the Mansfield Correctional Institution and William D. Mason, the Prosecutor of Cuyahoga County, Ohio, as respondents. In the petition, appellant raised claims of wrongful conviction and selective prosecution and sought immediate release from confinement. Respondents Wilkinson and Bagley filed a Motion to Dismiss for failure to state a claim, pursuant to Civ. R. 12(B)(6).
 {¶ 6} In an August 28, 2002, Judgment Entry, the trial court dismissed appellant's petition for a Writ of Habeas Corpus, finding appellant had failed to state a claim upon which relief could be granted. Specifically, the trial court found that since appellant was serving a life sentence, appellant was not entitled to an immediate release from incarceration and further, that appellant's arguments for habeas corpus relief were without merit because appellant's arguments could have been addressed in his direct appeal.
 {¶ 7} It is from the August 28, 2002, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 8} "I. The Trial Court Erred To The Prejudice Of The Petitioner-appellant When The Trial Court Denied The Petitioner-appellant His Constitutional Right To Redress Injury Pursuant To Article I., Section 16. [sic] Of The United States Constitution U.S.C.A.
 {¶ 9} "II. The Trial Court Erred To The Prejudice Of The Petitioner-appellant When The Trial Court Denied The Petitioner-appellant A Writ Of Habeas Corpus As Law And Justice Requires, Thereby Deprived The Petitioner-appellant His State And Federal Constitutional Rights 6th, And 14th Amendments U.S.C.A. [SIC]."
 {¶ 10} This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part: "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 11} This appeal shall be considered in accordance with the aforementioned rule.
 I II {¶ 12} In appellant's first assignment of error, appellant contends that the trial court erred when it failed to hold an evidentiary hearing on appellant's Petition for Writ of Habeas Corpus. In appellant's second assignment of error, appellant argues that the trial court erred when it dismissed appellant's Petition. We shall consider these assignments of error together.
 {¶ 13} The trial court dismissed appellant's petition pursuant to Civ. R. 12(B)(6). Civil Rule 12(B)(6) states: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted. . . ."
 {¶ 14} Our standard of review on a Civ. R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs. Inc.
(1990), 49 Ohio St.3d 228, 551 N.E.2d 981, overruled in part on other grounds, 62 Ohio St.3d 541, 584 N.E.2d 729. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v.Guernsey County Board of Commissioners (1992), 65 Ohio St.3d 545,605 N.E.2d 378. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.
 {¶ 15} Although the trial court dismissed appellant's Petition based on more than one ground, we find that this court need only consider whether appellant's Petition presented issues which could entitle appellant to habeas corpus relief. In order to withstand dismissal, a petition for a writ of habeas corpus must conform to R.C. 2725.04 and state with particularity the extraordinary circumstances entitling the petitioner to the writ. McBroom v. Russell (1996), 77 Ohio St.3d 47, 48,671 N.E.2d 10, 11. For the following reasons, appellant's claims were insufficient to withstand dismissal.
 {¶ 16} The general rule is that habeas corpus relief is not available where there is an adequate remedy at law. State ex rel.Fryerson v. Tate (1999), 84 Ohio St.3d 481, 705 N.E.2d 353. When an adequate remedy in the ordinary course of law exists, habeas corpus may not be used as a substitute for appeal or post-conviction relief. If an issue raised in a petition for a writ of habeas corpus could have been raised on direct appeal or in a petition for post-conviction relief, the petition will be denied. Heddleston v. Mack, 84 Ohio St.3d 213,1998-Ohio-320, 702 N.E.2d 1198. Further, the guilt or innocence of a petitioner may not be determined in a habeas corpus proceeding. Such issues can only be considered on direct appeal or through post-conviction relief. Shie v. Leonard (1998), 84 Ohio St.3d 160, 702 N.E.2d 419.
 {¶ 17} In the Petition, appellant contended that he was innocent of all charges and had been wrongfully prosecuted and convicted of the offenses. Appellant could have raised these issues on appeal or through post-conviction relief. Further, as noted above, issues to guilt or innocence may not be determined in a habeas corpus proceeding. Therefore, the trial court did not err in dismissing appellant's Petition.
 {¶ 18} Further, a court need not conduct an evidentiary hearing prior to granting a motion to dismiss under Civ. R. 12(B)(6). Savage v.Godfrey (Sept. 28, 2001), Franklin App. No. 01AP-388, 2001 WL 1143197;McKinley Machinery, Inc. v. Acme Corrugated Box Co., Inc. (July 12, 2000), Lorain App. No. 98CA007160, 2000 WL 961300; See, also, Rutledgev. Ohio Dept. of Rehab. Corr. (Mar. 3, 2000), Trumbull App. No. 98-T-0191, 2000 WL 263760. Thus, we find no error in the trial court's failure to conduct an evidentiary hearing.
 {¶ 19} Appellant's first and second assignments of error are overruled.
 {¶ 20} The judgment of the Richland County Court of Common Pleas is affirmed.
By Edwards, J. Hoffman, P.J. and Boggins, J. concur