OPINION
{¶ 1} Petitioner-Appellant appeals the dismissal of his habeas corpus petition.
 {¶ 2} Respondent-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Petitioner-Appellant Peter Viceroy is an inmate at the Richland Correctional Institution.
 {¶ 4} Petitioner-Appellant was found guilty by a jury on one count of felonious assault in violation of R.C. § 2903.11 with a firearm specification.
 {¶ 5} On March 22, 1995, he was sentenced to an indefinite sentence of three (3) to fifteen (15) years on the felonious assault and a mandatory consecutive three (3) years on the firearm specification.
 {¶ 6} On or about August 15, 2000, the parole board denied Petitioner-Appellant's release. He is not scheduled for parole reconsideration until 2010.
 {¶ 7} On November 20, 2002, Petitioner-Appellant filed a petition for writ of habeas corpus.
 {¶ 8} On March 13, 2003, the Richland County Common Pleas Court granted Respondent-Appellee's motion to dismiss said petition.
 {¶ 9} It is from the trial court's granting of the motion to dismiss that Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 10} "I. THE TRIAL COURT ERRED IN FAILING TO FIND THAT PETITIONER HAD A VALID JOURNAL ENTRY, BUT THAT THE SENTENCE WAS ILLEGAL AND OUTSIDE MAXIMUM STATUTORY LIMITS CONSTITUTING A PRIMA FACIE 8TH AMENDMENT VIOLATION CLAIM OF CRUEL AND UNUSUAL PUNISHMENT,
 {¶ 11} "II. THE TRIAL COURT ERRED IN FAILING TO FIND THAT PETITIONER WAS ENTITLED TO IMMEDIATE RELEASE, BECAUSE THE SENTENCE EXPIRED OR FIND THAT PETITIONERS [SIC] VALID JOURNAL ENTRY, BUT ILLEGAL SENTENCE OUTSIDE STATUTORY LIMITS WOULD IN FACT EXPIRE WITHIN SEVERAL DAYS IF THE ILLEGAL SENTENCE HAD NOT ALREADY EXPIRED.
 {¶ 12} "III. THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE EXECUTIVE BRANCH CAN ONLY DETERMINE HOW MUCH OF THE INDETERMINATE SENTENCE PETITIONER SERVES AND THAT THE EXECUTIVE BRANCH AND PAROLE BOARD CANNOT EFFECT [SIC] THE TRIAL COURT'S SENTENCE."
 I, II, III {¶ 13} In each of his assignments of error, Appellant argues that the trial court erred in granting Respondent's motion to dismiss. We disagree.
 {¶ 14} The trial court dismissed appellant's petition pursuant to Civ. R. 12(B)(6). Civil Rule 12(B)(6) states: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted. . . ."
 {¶ 15} Our standard of review on a Civ.R. 12(B)(6) motion todismiss is de novo. Greeley v. Miami Valley Maintenance Contrs. Inc.
(1990), 49 Ohio St.3d 228, overruled in part on other grounds,62 Ohio St.3d 541. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey County Board ofCommissioners (1992), 65 Ohio St.3d 545, 1992 Ohio 73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.
 {¶ 16} Upon review, this court need only consider whether appellant's Petition presented issues which could entitle appellant tohabeas corpus relief. In order to withstand dismissal, a petition for a writ of habeas corpus must conform to R.C. § 2725.04 and state with particularity the extraordinary circumstances entitling the petitioner to the writ. McBroom v. Russell (1996), 77 Ohio St.3d 47, 48. For the following reasons, appellant's claims were insufficient to withstand dismissal.
 {¶ 17} The general rule is that habeas corpus relief is not available where there is an adequate remedy at law. State ex rel.Fryerson v. Tate (1999), 84 Ohio St.3d 481, 1999 Ohio 465. When an adequate remedy in the ordinary course of law exists, habeas corpus may not be used as a substitute for appeal or post-conviction relief. If an issue raised in a petition for a writ of habeas corpus could have been raised on direct appeal or in a petition for post-conviction relief, the petition will be denied. Heddleston v. Mack, 84 Ohio St.3d 213, 1998 Ohio 320. Further, the guilt or innocence of a petitioner may not be determined in a habeas corpus proceeding. Such issues can only be considered on direct appeal or through post-conviction relief. Shie v.Leonard (1998), 84 Ohio St.3d 160, 1998 Ohio 318, 702 N.E.2d 419.
 {¶ 18} In his Petition, appellant contended that he was entitled to release from prison because his sentence is illegal and outside the maximum statutory limit.
 {¶ 19} Habeas corpus lies only if the petitioner is entitled to immediate release from confinement. State ex rel Jackson v. McFaul,73 Ohio St.3d 185, 1995 Ohio 228.
 {¶ 20} In the instant case, Appellant is serving a 6 to 18 year sentence. Despite, Appellant's argument that his sentence is illegal because the sentencing entry reads that "that defendant Peter Viceroy is sentenced to for a term of (3) years (mandatory) on the firearm specification after sentence of (3) three years to (15) fifteen years on "felonious assault" charge", we find that Appellant's sentence is valid and legal and within the statutory sentencing guidelines. See March 27, 1995 Journal Entry.
 {¶ 21} Pursuant to R.C. 2929.14(E)(1)(a) and prior R.C. 2929.71(A), the sentence on a firearm specification shall be served consecutively with, and prior to, the indefinite term of imprisonment. The erroneous language in said journal entry does not change the order in which said sentences must be served.
 {¶ 22} In his brief, Appellate argues that his indeterminate sentence expired March 22, 2000, based on the offense category score required to be assigned by Layne v. Ohio Adult Parole Authority,97 Ohio St.3d 456, 2002 Ohio 6719, and that he subsequently served his three year mandatory sentence on the firearm specification and that his therefore entitled to immediate release.
 {¶ 23} Layne, supra, does require "that in any parole determination involving indeterminate sentencing, the APA must assign an inmate the offense category score that corresponds to the offense or offenses of conviction". Id. at 464.
 {¶ 24} In the case sub judice, the parole board assigned Appellant an offense category score which carried a guideline range of 12-18 months. The parole board decided to exceed such guidelines finding that Appellant's behavior involved aggravating factors and that Appellant is a more serious risk than indicated by his criminal history, supporting its decision by stating that the "full board views long term nature of controlling behavior as showing subject as a serious risk to the safety of the community. Based on instant offense typifying the inmate's behavior towards the victim and her family for an extended period of time and the psychological impact on the victim, a ten year continuance is appropriate at this time."
 {¶ 25} The Ohio Supreme Court in Layne, supra, recognized "that the APA has wide-ranging discretion in parole matters. State ex rel.Lipschultz v. Shoemaker (1990, 49 Ohio St.3d 88, and further emphasized "that the APA, when considering an inmate for parole, still retains its discretion to consider any circumstances relating to the offense or offenses of conviction, including crimes that did not result in conviction, as well as any other factors the APA deems relevant. Hemphillv. Ohio Adult Parole Auth. (1991), 61 Ohio St.3d 385, 386. See, also, Ohio Adm. Code 5120:1-1-07.
 {¶ 26} Appellant has no constitutional or inherent right to be released before the expiration of a valid sentence. Greenholtz v. Inmatesof Nebraska Penal Correctional Complex (1979), 442 U.S. 1, 7,99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675; State ex rel. Hogan v. Ghee
(1999), 85 Ohio St.3d 150, 151.
 {¶ 27} Based on the foregoing, we find that the trial court did not err in dismissing appellant's Petition.
 {¶ 28} Appellant's first assignment of error is overruled.
 {¶ 29} The judgment of the Richland County Court of Common Pleas is affirmed.
By: Boggins, J., Hoffman, P.J. and Farmer, J. concur.