THE STATE, EX REL. JUSTICE, APPELLANT, *v.* MCMACKIN, WARDEN, APPELLEE. (TWO CASES.)

[Cite as State, ex rel. Justice, *v.* McMackin (1990), 53 Ohio St. 3d 72.]

(Nos. 89-2052, 90-410 and 90-558—Submitted June 19, 1990— Decided August 8, 1990.)

*Roger L. Justice, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, *Fred D. Gartin,* for appellee in case Nos. 89-2052 and 90-410, and *Gerald E. Dailey,* for respondent in case No. 90-558.

*Per Curiam.* Roger L. Justice is a prisoner at the Marion Correctional Institution. He sought a writ of habeas corpus in the Court of Appeals for Marion County, which dismissed the action. He appeals as of right to this court in case No. 89-2052. He also filed what was in effect a motion for reconsideration in the court of appeals, and

appeals the denial of this motion in case No. 90-410. Finally, he has filed an original habeas corpus action in this court, case No. 90-558, which respondent Norris McMackin, Warden, has moved to dismiss.

All three of these cases involve the same allegations and issues. Justice claims that he was brought to trial on the basis of an indictment that was never voted on by a grand jury. He claims that the document purporting to be an indictment was simply fabricated by the Summit County Prosecuting Attorney's office and that the signature of the grand jury foreman on the purported indictment was a forgery. He further alleges that the judge at his trial and the attorneys who have represented him at various stages conspired with governmental authorities to conceal the alleged forgery.

A grand jury foreman's failure to sign the indictment does not deprive the trial court of jurisdiction. *Kroger* v. *Engle* (1978), 53 Ohio St. 2d 165, 7 O.O. 3d 316, 373 N.E. 2d 383. But Justice points out that he is not merely claiming that the indictment was unsigned, but that there never was an indictment and that the foreman's signature was forged in order to perpetrate a fraud on the court.

We have recently held in *Wireman* v. *Adult Parole Auth.* (1988), 38 Ohio St. 3d 322, 528 N.E. 2d 173, that a petition in habeas corpus does not challenge the jurisdiction of the sentencing court where it alleges fraud on the part of the authorities involved in the prosecution.

Since Justice has failed to challenge the jurisdiction of the sentencing court, we affirm the judgments of the court of appeals in case Nos. 89-2052 and 90-410 and grant the respondent's motion to dismiss in case No. 90-558.

*Judgments affirmed in case Nos. 89-2052 and 90-410.*

*Cause dismissed in case No. 90-558.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.