[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 443.]

**MARSHALL, APPELLANT, *v*. LAZAROFF, WARDEN, APPELLEE.**

**[Cite as *Marshall v. Lazaroff*, 1997-Ohio-257.]**

*Habeas corpus not available to challenge either the validity or sufficiency of an indictment—Allegations of fraud on part of prosecution relating to an indictment are not cognizable in habeas corpus—When petitioner is incarcerated for several crimes, sentencing court's lack of jurisdiction to sentence him on one of the crimes does not warrant release in habeas corpus.*

(No. 96-1933—Submitted January 7, 1997—Decided February 19, 1997.)

APPEAL from the Court of Appeals for Pickaway County, No. 96 CA 21.

————————————

**{¶ 1}** In 1993, the Cuyahoga County Court of Common Pleas convicted appellant, Joseph Marshall, Jr., of two counts of drug trafficking with accompanying specifications. The common pleas court sentenced Marshall to concurrent terms that were to be served consecutively to his sentence in case No. CR287104.

**{¶ 2}** In 1996, Marshall filed a petition for a writ of habeas corpus in the Court of Appeals for Pickaway County, alleging that he was being illegally restrained of his liberty by appellee, Alan J. Lazaroff, Warden of the Orient Correctional Institution. Marshall claimed that he was entitled to immediate release from prison because the prosecuting attorney's office perpetrated a fraud by producing an indictment in his drug trafficking case that was not returned by the Cuyahoga County Grand Jury. The court of appeals granted Lazaroff's Civ.R. 12(B)(6) motion and dismissed the petition.

————————————

*Joseph Marshall, Jr., pro se.*

*Betty D. Montgomery*, Attorney General, and *Stephanie Harris*, Assistant Attorney General, for appellee.

———————————

*Per Curiam.*

{¶ 3} Marshall asserts in his propositions of law that the court of appeals erred in dismissing his petition and in not holding an evidentiary hearing. But the court of appeals properly held that habeas corpus is not available to challenge either the validity or sufficiency of an indictment. *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 415, 667 N.E.2d 1220, 1222; *Luna v. Russell* (1994), 70 Ohio St.3d 561, 562, 639 N.E.2d 1168, 1169. Similarly, allegations of fraud on the part of the prosecution relating to an indictment are not cognizable in habeas corpus. *State ex rel. Justice v. McMackin* (1990), 53 Ohio St.3d 72, 73, 558 N.E.2d 1183-1184. Marshall could have raised these claims on direct appeal of his criminal conviction. *State ex rel. Simpson v. Lazaroff* (1996), 75 Ohio St.3d 571, 664 N.E.2d 937.

{¶ 4} Furthermore, Marshall attacks the validity only of his drug trafficking sentences. He does not challenge the validity of his sentence in Cuyahoga County Common Pleas Court case No. CR287104, which is referenced in the entry attached to his petition. Marshall also did not allege that the sentence in that case had expired at the time he sought extraordinary relief in habeas corpus. *Swiger v. Seidner* (1996), 74 Ohio St.3d 685, 687, 660 N.E.2d 1214, 1216 ("Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus.").

{¶ 5} For the foregoing reasons, the court of appeals did not err in granting Lazaroff's Civ.R. 12(B)(6) motion to dismiss the petition without holding an evidentiary hearing. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————