VANBUSKIRK, APPELLANT, *v.* WINGARD, WARDEN, APPELLEE.

CHILDERS, APPELLANT, *v.* WINGARD, WARDEN, APPELLEE.

MALONE, APPELLANT, *v.* WINGARD, WARDEN, APPELLEE.

SPROAT, APPELLANT, *v.* WINGARD, WARDEN, APPELLEE.

MORTEMORE, APPELLANT, *v.* WINGARD, WARDEN, APPELLEE.

[Cite as *VanBuskirk v. Wingard* (1998), 80 Ohio St.3d 659.]

(Nos. 97–1160, 97–1281, 97–1409, 97–1565 and 97–1857—Submitted December 3, 1997—Decided January 7, 1998.)

*Gerald VanBuskirk, pro se.*

*Thomas J. Childers, pro se.*

*Douglas Malone, pro se.*

*Stephen L. Sproat, pro se.*

*Steven R. Mortemore, pro se.*

*Betty D. Montgomery,* Attorney General, and *Donald Gary Keyser,* Assistant Attorney General, for appellee.

---

***Per Curiam.*** We affirm the judgments of the court of appeals dismissing appellants' petitions. Appellants' claims merely attacked the validity and sufficiency of their indictments. Consequently, their claims should have been raised by direct appeal rather than habeas corpus. *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273, 1274. Further, contrary to appellants' assertions, a grand jury foreperson's failure to sign an indictment does not deprive the trial court of jurisdiction or otherwise entitle a criminal defendant convicted and sentenced on the indictment to a writ of habeas corpus. *State ex rel. Justice v. McMackin* (1990), 53 Ohio St.3d 72, 73, 558 N.E.2d 1183.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.