[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 659.]

**VANBUSKIRK, APPELLANT, *v*. WINGARD, WARDEN, APPELLEE.**

**CHILDERS, APPELLANT, *v*. WINGARD, WARDEN, APPELLEE.**

**MALONE, APPELLANT, *v*. WINGARD, WARDEN, APPELLEE.**

**SPROAT, APPELLANT, *v*. WINGARD, WARDEN, APPELLEE.**

**MORTEMORE, APPELLANT, *v*. WINGARD, WARDEN, APPELLEE.**

**[Cite as *VanBuskirk v. Wingard*, 1998-Ohio-173.]**

*Habeas corpus not available to attack the validity and sufficiency of indictment—*
*Grand jury foreperson's failure to sign an indictment does not deprive*
*trial court of jurisdiction.*

(Nos. 97-1160, 97-1281, 97-1409, 97-1565, and 97-1857—Submitted December
3, 1997—Decided January 7, 1998.)

APPEALS from the Court of Appeals for Madison County, Nos. CA97-03-012,
CA97-04-015, CA97-05-022, CA96-12-056 and CA97-07-031.

————————————

{¶ 1} Appellants, inmates at Madison Correctional Institution, filed petitions in the Court of Appeals for Madison County requesting writs of habeas corpus to compel appellee, Warden Curtis Wingard, to release them from prison. Appellants claimed that they were entitled to writs of habeas corpus because their indictments lacked the required signature of the grand jury foreperson. In case Nos. 97-1160, 97-1281, 97-1409, and 97-1565, the court of appeals granted Wingard's motions and dismissed the petitions. In case No. 97-1857, the court of appeals *sua sponte* dismissed the petition.

{¶ 2} These causes are now before this court upon appeals as of right. Since these appeals raise an identical legal issue and appellants have filed the same form merit briefs, we consolidate these appeals for purposes of opinion.

————————————

*Gerald VanBuskirk, pro se.*

*Thomas J. Childers, pro se.*

*Douglas Malone, pro se.*

*Stephen L. Sproat, pro se.*

*Steven R. Mortemore, pro se.*

*Betty D. Montgomery*, Attorney General, and *Donald Gary Keyser*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

**{¶ 3}** We affirm the judgments of the court of appeals dismissing appellants' petitions. Appellants' claims merely attacked the validity and sufficiency of their indictments. Consequently, their claims should have been raised by direct appeal rather than habeas corpus. *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273, 1274. Further, contrary to appellants' assertions, a grand jury foreperson's failure to sign an indictment does not deprive the trial court of jurisdiction or otherwise entitle a criminal defendant convicted and sentenced on the indictment to a writ of habeas corpus. *State ex rel. Justice v. McMackin* (1990), 53 Ohio St.3d 72, 73, 558 N.E.2d 1183.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————