**1448**

**97-1857. State ex rel. Mortemore v. Wingard.**
Madison App. No. CA97-07-031. Reported at 80 Ohio St.3d 659, 687 N.E.2d 776, *sub nom. Mortemore v. Wingard.* On motion for reconsideration. Motion denied.

**97-2661. State ex rel. Ohio State Racing Comm. v. Christiansen.**
In Mandamus and Prohibition. Reported at 80 Ohio St.3d 1488, 687 N.E.2d 1387. On motion for reconsideration. Motion denied.

DOUGLAS and LUNDBERG STRATTON, JJ., dissent.

PFEIFER, J., not participating.

## DISCIPLINARY DOCKET

**96-2432. Toledo Bar Assn. v. Bell.**
This cause came on for further consideration upon the filing by relator, Toledo Bar Association, on October 31, 1997, of a motion for an order to show cause requesting the court to issue an order directing respondent, Angelia D. Bell, a.k.a. Angelia Diane Bell, to show cause why she should not be held in violation of the court's order of March 26, 1997. On December 17, 1997, the court granted the motion to the extent that respondent was ordered to show cause by filing a written response why she should not be found in contempt. Respondent did not file a response to the court's order. Upon consideration thereof,

IT IS ORDERED AND ADJUDGED by this court that respondent, Angelia D. Bell, a.k.a. Angelia Diane Bell, Attorney Registration No. 0016851, last known business address in Toledo, Ohio, is hereby held to be in violation of this court's March 26, 1997 order.

DOUGLAS, J., would find respondent in contempt.

RESNICK, J., would dismiss.

*Thursday, February 19, 1998*

## MOTION DOCKET

**97-1506. In re Special Grand Jury Investigating Concerning Organic Technologies, Inc.**
Licking App. No. 96CA155. This cause is pending before the court as an appeal from the Court of Appeals for Licking County. Upon consideration of appellee's motion to seal portions of the record,

IT IS ORDERED by the court that the motion be, and hereby is, granted.

IT IS FURTHER ORDERED by the court that, if appellant has obtained copies of any sealed portions of the record, appellant shall return all copies of the sealed documents to the Clerk of the Supreme Court no later than February 23, 1998. If appellant has not obtained copies of any sealed portions of the record, appellant shall file a notice to that effect no later than February 23, 1998. Appellant may file the notice by facsimile transmission in accordance with S.Ct.Prac.R. XIV(1)(B)(2), (1)(B)(3), and (1)(B)(5).