[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 93.]

THORNTON, APPELLANT, *v.* RUSSELL, WARDEN, APPELLEE.

[Cite as *Thornton v. Russell*, 1998-Ohio-268.]

*Habeas corpus petition dismissed, when.*

(No. 97-2378—Submitted May 13, 1998—Decided June 10, 1998.)

APPEAL from the Court of Appeals for Warren County, No. CA97-07-074.

———————————

{¶ 1} In 1992, the Montgomery County Court of Common Pleas convicted appellant, Ronald E. Thornton, of murder and aggravated robbery and sentenced him to consecutive prison terms of fifteen years to life and five to twenty-five years.

{¶ 2} In 1997, Thornton filed a petition for a writ of habeas corpus in the Court of Appeals for Warren County. Thornton claimed that he was entitled to immediate release from prison because (1) a criminal complaint charging him with the offenses should have been filed with and sworn before the Dayton Municipal Court and not a deputy clerk of courts, and (2) the indictment upon which he was convicted and sentenced was void because the grand jury foreman did not manually endorse that the indictment was a true bill. Thornton failed to verify his petition. The court of appeals granted the Civ.R. 12(B)(6) motion of appellee, Lebanon Correctional Institution Warden Harry K. Russell, and dismissed Thornton's petition for failure to state a claim upon which relief can be granted.

{¶ 3} This cause is now before the court upon an appeal as of right.

———————————

*Ronald E. Thornton, pro se.*

———————————

**Per Curiam.**

**{¶ 4}** Thornton asserts in his propositions of law that the court of appeals erred in dismissing his habeas corpus petition. Thornton's assertions, however, are meritless for the following reasons.

**{¶ 5}** First, any defect in the criminal complaint filed in municipal court is not cognizable in habeas corpus because Thornton was never convicted and sentenced on the complaint. Instead, the criminal complaint was dismissed, and Thornton was convicted and sentenced upon the indictment. See, *e.g., State v. Wac* (1981), 68 Ohio St.2d 84, 87, 22 O.O.3d 299, 301, 428 N.E.2d 428, 431, fn. 2 (Any flaw in criminal complaint deemed harmless error where defendant ultimately convicted and sentenced upon charges in subsequent indictment.).

**{¶ 6}** Second, Thornton's remaining claim attacks the validity and sufficiency of his indictment and is nonjurisdictional in nature; it should have been raised on direct appeal of his criminal conviction and sentence rather than in habeas corpus. *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273, 1274; *VanBuskirk v. Wingard* (1998), 80 Ohio St.3d 659, 660, 687 N.E.2d 776, 777 ("[A] grand jury foreperson's failure to sign an indictment does not deprive the trial court of jurisdiction or otherwise entitle a criminal defendant convicted and sentenced on the indictment to a writ of habeas corpus.").

**{¶ 7}** Finally, Thornton did not verify his petition, as required by R.C. 2725.04. *Leal v. Mohr* (1997), 80 Ohio St.3d 171, 173, 685 N.E.2d 229, 230-231.

**{¶ 8}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____