[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 410.]

THE STATE EX REL. RAGLIN, APPELLANT, *v.* BRIGANO, WARDEN, APPELLEE.

[Cite as *State ex rel. Raglin v. Brigano*, 1998-Ohio-222.]

*Habeas corpus to compel relator's immediate release from prison—Petition dismissed, when.*

(No. 97-2464—Submitted June 24, 1998—Decided July 29, 1998.)

APPEAL from the Court of Appeals for Warren County, No. CA97-08-086.

———————————

{¶ 1} In 1995, appellant, Donnell Raglin, was convicted of involuntary manslaughter with an accompanying firearm specification and was sentenced to a term of five to ten years in prison.

{¶ 2} In 1997, Raglin filed a petition in the Court of Appeals for Warren County for a writ of habeas corpus to compel his immediate release from prison. Raglin claimed that his conviction was void because his trial court improperly amended his indictment from an original charge of murder to a charge of involuntary manslaughter.

{¶ 3} The court of appeals granted the Civ.R. 12(B)(6) motion of appellee, Raglin's prison warden, and dismissed the petition.

{¶ 4} This cause is now before the court upon an appeal as of right.

———————————

*Donnell Raglin, pro se*.

*Betty D. Montgomery*, Attorney General, and *Karen L. Killian*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

{¶ 5} We affirm the judgment of the court of appeals for the reasons stated in its opinion. Raglin's claim challenges the validity or sufficiency of his

indictment, is nonjurisdictional in nature, and should have been raised in an appeal of his criminal conviction rather than in habeas corpus.  See *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134, 1136 ("Richard essentially challenged the validity of his amended indictment, a claim which is not cognizable in habeas corpus.").

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————