Petitioners aver that they are the parents of two minor children who are the subject of In the Matter of Wade, Cuyahoga County Juvenile Court Case Nos. 9992567 and 9992568. The amended petition includes copies of:
 A) a magistrate's order issued based upon a telephonic conversation with the attorney for the Department of Children and Family Services ("CCDCFS") and received for filing on June 16, 1999 authorizing Cuyahoga County to take petitioners' two children into emergency custody pursuant to R.C. 2151.31(A)(3)(b); and
 B) a magistrate's order dated June 21, 1999 and received for filing on July 26, 1999 finding probable cause for the issuance of the telephonic emergency order pursuant to R.C. 2151.31(A)(3)(b) and (A)(3)(c) and ordering the children to the temporary care and custody of CCDCFS.
Also attached to the petition are the affidavit of petitioner-father and a transcript of the hearing before a magistrate on June 21, 1999.
Petitioners aver that their thirteen-year-old son was forcibly removed from their custody on June 18, 1999 and that their ten-year-old daughter was removed from their custody under threat of imprisonment of petitioner-father on June 21, 1999. Petitioners aver that the restraint of the liberty of their minor children is unlawful because juvenile court has failed to provide a fair emergency custody hearing.
Respondent has filed a motion to dismiss. Respondent's motion is well taken and, for the reasons stated below, we grant the motion to dismiss.
R.C. 2725.05 provides, in part:
 If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed.
Respondent argues that juvenile court has jurisdiction to issue the orders placing petitioners' children in the custody of CCDCFS. R.C. 2151.23 provides, in part:
 (A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:
* * *
 (8) Concerning any child who is to be taken into custody pursuant to section 2151.31 of the Revised Code, upon being notified of the intent to take the child into custody and the reasons for taking the child into custody
R.C. 2151.31 provides, in part:
 (A) A child may be taken into custody in any of the following ways:
* * *
 (3) By a law enforcement officer or duly authorized officer of the court when any of the following conditions are present:
 (b) There are reasonable grounds to believe that the child is in immediate danger from the child's surroundings and that the child's removal is necessary to prevent immediate or threatened physical or emotional harm;
 (c) There are reasonable grounds to believe that a parent, guardian, custodian, or other household member of the child's household has abused or neglected another child in the household and to believe that the child is in danger of immediate or threatened physical or emotional harm from that person.
 (D) Upon receipt of notice from a person that the person intends to take an alleged abused, neglected, or dependent child into custody pursuant to division (A)(3) of this section, a juvenile judge or a designated referee may grant by telephone an ex parte emergency order authorizing the taking of the child into custody if there is probable cause to believe that any of the conditions set forth in divisions (A)(3)(a) to (c) of this section are present. The judge or referee shall journalize any ex parte emergency order issued pursuant to this division. If an order is issued pursuant to this division and the child is taken into custody pursuant to the order, a sworn complaint shall be filed with respect to the child before the end of the next business day after the day on which the child is taken into custody and a hearing shall be held pursuant to division (E) of this section and the Juvenile Rules. A juvenile judge or referee shall not grant an emergency order by telephone pursuant to this division until after the judge or referee determines that reasonable efforts have been made to notify the parents, guardian, or custodian of the child that the child may be placed into shelter care and of the reasons for placing the child into shelter care, except that, if the requirement for notification would jeopardize the physical or emotional safety of the child or result in the child being removed from the court's jurisdiction, the judge or referee may issue the order for taking the child into custody and placing the child into shelter care prior to giving notice to the parents, guardian, or custodian of the child.
Clearly, juvenile court had jurisdiction under R.C. 2151.23 and2151.31 to issue the telephonic emergency order of June 16, 1999 as well as the magistrate's order dated June 21, 1999 and received for filing on July 26, 1999 finding probable cause for the issuance of the telephonic emergency order. Yet, petitioners argue that these orders result from a fraudulent affidavit and an insufficient hearing. As a consequence, petitioners contend that they have been denied their rights to raise their children and to the free exercise of religion.
In Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.
(1994), 70 Ohio St.3d 141, 637 N.E.2d 890, juvenile court granted emergency temporary custody to a private child-placing agency. After juvenile court dismissed two complaints alleging that the child was dependent and while a third complaint was pending, the child's father filed an action in habeas corpus. The Supreme Court affirmed this court's sua sponte dismissal of the petition for habeas corpus.
The Howard court held that juvenile court possessed basic statutory jurisdiction to consider the merits of the three complaints. Additionally, the Supreme Court considered the transcript of the juvenile court hearing provided by the petitioner, determined that the due process violations alleged by appellant did not require relief in habeas corpus and determined that the juvenile court acted in the best interests of the child. Furthermore, the Supreme Court concluded that the petitioner had an adequate remedy at law by way of an appeal.
In this action, the transcript of proceedings before juvenile court consists of the testimony of a social worker, Erica Denson, employed by CCDCFS. She testified that the records of CCDCFS reflected allegations of possible sexual abuse, physical abuse and educational neglect of petitioners' children. Between January, 1999 and June, 1999, CCDCFS personnel initiated contacts with petitioners but petitioners prohibited CCDCFS personnel from interviewing the children without the father present, contacting petitioners' attorney or a search warrant. Although petitioners claimed to be home schooling the children, the board of education informed CCDCFS that the children were not listed as home schooled. Likewise, CCDCFS had information that Clermont County filed a neglect claim against petitioners in 1994 after Clermont County could not verify petitioners' claim that they were home schooling the children. Petitioners left Clermont County after the neglect claim was filed.
Prior to the hearing on June 21, 1999, police assisted CCDCFS in executing search warrants. Petitioners' son was located, placed in the custody of CCDCFS and examined. Petitioners' son had a fractured elbow and a lump on his forehead. Although the boy is thirteen years old, he did not know the year in which he was born and CCDCFS personnel evaluated him as having a first-grade education level. He also acknowledged that he has problems with wetting the bed.
During cross-examination of Ms. Denson, the magistrate stopped the testimony. The magistrate also demanded that petitioner-father reveal the location of his daughter and, when he said that he did not know her location, the magistrate ordered that the father be held by the sheriff until the daughter was brought to court and placed in the custody of CCDCFS.
Petitioners complain that a variety of errors occurred during the proceedings before juvenile court. For example, petitioners assert that respondent committed the following unlawful actions: county caseworkers committed fraud and perjury; affidavits containing false allegations were used to obtain a search warrant and the ex parte order of custody; and the children remain restrained despite no finding of probable cause.
In State ex rel. Tran v. McMackin (1991), 62 Ohio St.3d 165,580 N.E.2d 782, the petitioner-appellant sought relief in habeas corpus after pleading guilty to aggravated murder and aggravated robbery. The court of appeals dismissed the petition in habeas corpus. Petitioner appellant argued that
 his conviction was obtained through fraud and trickery of the state and his court-appointed counsel. These allegations do not attack the jurisdiction of the sentencing court and are not grounds for issuing a writ of habeas corpus. See R.C. 2725.05 and State, ex rel. Justice, v. McMackin (1990), 53 Ohio St.3d 72, 558 N.E.2d 1183.
Id. The Supreme Court affirmed the dismissal of the petition for a writ of habeas corpus.
Likewise, in this action, petitioners' averments do not constitute an attack on the jurisdiction of juvenile court to issue the June 16, 1999 and June 21, 1999 orders. Additionally, the magistrate's order dated June 21, 1999 and received for filing on July 26, 1999 did find probable cause for the issuance of the telephonic emergency order pursuant to R.C.2151.31(A)(3)(b) and (A)(3)(c) and ordering the children to the temporary care and custody of CCDCFS.
In light of Howard, therefore, we cannot conclude that petitioners have stated a claim for relief in habeas corpus. Juvenile court clearly had the statutory jurisdiction to order the children to the temporary care and custody of CCDCFS. Petitioners' complaints about the rulings of and proceedings before juvenile court are appropriate for appellate review not relief in habeas corpus. Likewise, petitioners have an adequate remedy in the ordinary course of the law by way of appeal. See, also, State ex rel. Kovalak v. Goodhand (Apr. 30, 1998), Cuyahoga App. No. 73665, unreported (after juvenile court journalized an order committing children to the emergency temporary custody of CCDCFS, this court granted respondents' motion to dismiss the mother's petition for habeas corpus and noted that petitioner had an adequate remedy by way of appeal).
Respondent also argues that this court lacks jurisdiction to hear this action in habeas corpus because the jurisdiction of the juvenile court was invoked first. We agree.
In Jeroncic v. Director, Cuyahoga Cty. Dept. of Human Serv.
(July 27, 1992), Cuyahoga App. No. 62712, unreported, at 7, etseq., Cuyahoga County Department of Human Services ("the county") filed a dependency action in juvenile court after this court had reversed a prior decision of juvenile court requiring that the petitioner's children remain with foster families. This court observed that juvenile court and the court of appeals "would be adjudicating the same facts among the same parties using the same criterion to resolve the same issue: viz., What is in the best interest of [the children]?" Id. at 10. After acknowledging that some aspects of a dependency action are different from an action in habeas corpus, this court held that it lacked jurisdiction over the habeas corpus claim because the dependency claim was commenced first. Id. at 14.
Likewise, in this action, respondent commenced the proceedings in juvenile court prior to this action in habeas corpus. This court lacks jurisdiction over petitioner's claim for relief in habeas corpus because of the principles of concurrent jurisdiction.
Accordingly, respondent's motion to dismiss is granted.
Petitioners to pay costs.
Writ dismissed.
 JAMES D. SWEENEY, J., and ANNE L. KILBANE, J., CONCUR.
 _____________________ TERRENCE O'DONNELL PRESIDING JUDGE