OPINION
This is an original action in which petitioner, Matthew M. Schrock, seeks his release from the Lake Erie Correctional Institution. As the sole basis for his habeas corpus claim, petitioner asserts that his 1997 conviction in the Summit County Court of Common Pleas for felonious assault should be declared void because the conviction was based upon an invalid indictment. Specifically, he contends that the Summit County court did not have jurisdiction to try and convict him because the indictment against him was never signed by the foreman of the Summit County Grand Jury.
To be entitled to a writ of habeas corpus, a prisoner in a state institution must be able to show that the trial court in the underlying criminal action lacked jurisdiction to render the conviction. Sands v.Gansheimer (Aug. 31, 2001), 11th Dist. No. 2001-P-0074, 2001 Ohio App. LEXIS 3924, at *2. As a result, a prisoner generally fails to state a valid claim in habeas corpus when he does not allege a jurisdictional error in the trial proceedings. Id., at *3. Furthermore, it has been held that issues concerning the sufficiency of an indictment cannot form the basis of a habeas corpus claim because such issues do not pertain to the trial court's jurisdiction. Leeper v. Lazaroff (June 14, 1996), 4th Dist. No. 95CA18, 1996 Ohio App. LEXIS 2598, at *6, citing Mills v.Maxwell (1963), 174 Ohio St. 523.
In regard to the "signature" issue, the Supreme Court of Ohio has held that the lack of a grand jury foreperson's signature on an indictment is not a viable basis for a writ of habeas corpus because such an error is not jurisdictional in nature. Vanbuskirk v. Wingard, 80 Ohio St.3d 659,1998-Ohio-173. The Supreme Court also stated that a writ will not lie for a lack of signature because the criminal defendant could have raised the issue in a direct appeal from the conviction. Id.
A habeas corpus claim can be dismissed under Civ.R. 12(B)(6) when the allegations are such that, even when construed in a manner most favorable to the petitioner, they are insufficient to demonstrate that the petitioner will be able to prove a set of facts under which he will be entitled to be released. Sands, 2001 Ohio App. LEXIS 3924, at *4. In light of the Vanbuskirk precedent, this court concludes that petitioner's claim in the instant action is subject to dismissal under Civ.R. 12(B)(6). The lack of a grand jury foreman's signature on an indictment can never state a viable habeas corpus claim because such an error does not deprive a trial court of jurisdiction in a criminal case.
As the habeas corpus claim before us is legally insufficient, it is the sua sponte order of this court that petitioner's habeas corpus petition is hereby dismissed.
O'NEILL, P.J., CHRISTLEY, NADER, JJ., concur