OPINION.
{¶ 1} This action in habeas corpus is presently before this court for consideration of the motion to dismiss of respondent, Warden Julius C. Wilson of the Trumbull Correctional Institution. As the primary basis for his motion, respondent maintains that the instant petition does not state a viable claim for relief because petitioner, Oscar E. Scott, has failed to raise a legal issue which can properly be reviewed in the context of a habeas corpus proceeding. For the following reasons, this court concludes that the motion to dismiss has merit.
 {¶ 2} Petitioner's present confinement at the state prison is based upon two judgments of the Cuyahoga County Court of Common Pleas. In the first judgment, issued on February 9, 2001, the Cuyahoga County court accepted petitioner's plea of guilty to one count of felonious assault and an accompanying firearm specification. In the second judgment, rendered on March 7, 2001, the trial court sentenced petitioner to a three-year term for the felonious assault and a separate three-year term on the specification, with the two terms to be served consecutively.
 {¶ 3} In now asserting that his present incarceration is illegal, petitioner asserts that the Cuyahoga County court lacked jurisdiction to enter the foregoing conviction against him because he was never properly indicted in the criminal proceeding. Specifically, he argues that the indictment returned by the Cuyahoga County Grand Jury was flawed in two respects. First, he alleges that the indictment was never signed by the grand jury foreman. Second, he submits that the indictment was not returned within the time limit under which the grand jury had the authority to enter criminal charges against him.
 {¶ 4} In support of his claim for relief, petitioner has attached to his petition a copy of the indictment issued against him in the Cuyahoga County proceeding. Our review of this document indicates that, although certain markings appear on the signature line for the grand jury foreman, the markings are not legible. Our review of the document also shows that the indictment was returned by the grand jury which had been impaneled in September 2000, and that the indictment was not filed with the trial court until January 7, 2001.
 {¶ 5} As part of his motion to dismiss the habeas corpus claim, respondent essentially contends that this action should not be allowed to proceed because petitioner has failed to state a viable basis for a writ. Respondent maintains that a writ will never lie under petitioner's allegations because the two issues petitioner has raised as to the sufficiency of the underlying indictment should have been contested in a direct appeal from the Cuyahoga County conviction.
 {¶ 6} In reviewing prior habeas corpus petitions in which a state prisoner has sought to challenge the legal propriety of the indictment under which he was convicted, this court has indicated that a viable habeas corpus claim usually cannot be predicated on these types of arguments:
 {¶ 7} "To be entitled to a writ of habeas corpus, a prisoner in a state institution must be able to show that the trial court in the underlying criminal action lacked jurisdiction to render the conviction. * * * As a result, a prisoner generally fails to state a valid claim in habeas corpus when he does not allege a jurisdictional error in the trial proceedings. * * * Furthermore, it has been held that issues concerning the sufficiency of an indictment cannot form the basis of a habeas corpus claim because such issues do not pertain to the trial court's jurisdiction. * * *" (Citations omitted). Schrock v. Gansheimer (May 24, 2002), 11th Dist. No. 2002-A-0003, 2002 Ohio App. LEXIS 2488, at *1-2.
 {¶ 8} Consistent with the foregoing general precedent, the Supreme Court of Ohio has expressly held that any issue regarding the effect of a grand jury foreman's failure to sign an indictment cannot be litigated in a habeas corpus action because: (1) any error in the signature would not deprive a trial court of jurisdiction over the criminal case; and (2) such an error can be contested in a direct appeal from the conviction.VanBuskirk v. Wingard (1998), 80 Ohio St.3d 659, 660. Accordingly, even if this court assumes that the allegations in the instant petition concerning the lack of the foreman's signature are true, petitioner still would not be entitled to a writ because the existence of such an error is not sufficient to state a viable claim for such relief. That is, since the lack of a proper signature is not a jurisdictional error, petitioner's only proper remedy would have been to raise the issue as part of a direct appeal of the Cuyahoga County court's sentencing judgment.
 {¶ 9} As was noted above, petitioner has also alleged in his habeas corpus claim that the indictment against him was insufficient to invoke the jurisdiction of the Cuyahoga County court because the indictment was issued after the "term" of the grand jury had ended. Referring specifically to the copy of the indictment attached to his petition, he notes the following two facts: (1) the indictment was returned by a grand jury which began its term of service in September 2000; and (2) the indictment was not issued by the grand jury until January 7, 2001. Based upon the foregoing, petitioner contends that the grand jury lacked the authority to issue the indictment because the term of its service ended at the conclusion of the 2000 calendar year.
 {¶ 10} In regard to this particular issue, this court would indicate that the duration of the service of a grand jury is controlled by the following language in Crim.R. 6(G): "A grand jury shall serve until discharged by the court. A grand jury may serve for four months, but the court upon a showing of good cause by the prosecuting attorney may order a grand jury to serve more than four months but not more than nine months. The tenure and powers of a grand jury are not affected by the beginning or expiration of a term of court. * * *"
 {¶ 11} In light of the plain language in the foregoing rule, it is evident that the duration of a grand jury's term lies within the sound discretion of a trial court. Even though Crim.R. 6(G) places a nine-month limit on the service of a grand jury, the rule does not delineate any other time limit concerning the extent of a grand jury's term. That is, the wording of the rule simply does not support the conclusion that the term of a grand jury can never extend beyond the end of a particular calendar year. Thus, we conclude that if a grand jury's term begins in September of a particular year, there is no reason why that grand jury could not serve until May of the following year.
 {¶ 12} In the instant case, petitioner has not alleged that the Cuyahoga County Court of Common Pleas had issued a judgment which expressly discharged the grand jury prior to the issuance of the indictment against him in January 2001. Furthermore, his own allegations support the finding that the grand jury in this matter had not served nine months before this indictment was issued. Therefore, since the authority of the grand jury was not affected by the fact that a new calendar year had started, petitioner has failed to allege sufficient facts to show that the trial court would have been deprived of jurisdiction over the underlying case due to the timing of the issuance of the indictment.
 {¶ 13} Finally, our review of the copy of the indictment attached to the petition fails to disclose any other possible error which could have deprived the Cuyahoga County court of the jurisdiction to proceed with the criminal prosecution. Accordingly, this court holds that, even if petitioner was ultimately able to prove the facts as alleged in his petition, he has failed to state any viable grounds under which a writ of habeas corpus could be granted.
 {¶ 14} Since a habeas corpus proceeding is civil in nature, the petition in such a case can be dismissed under Civ.R. 12(B)(6) for failing to state a viable claim for the requested relief. State ex rel. Dothardv. Warden, Trumbull Correction Inst., 11th Dist. No. 2002-T-0145,2003-Ohio-325; Schrock, supra, 2002 Ohio App. LEXIS 2488, at *2-3. Pursuant to the foregoing analysis, we conclude that respondent has demonstrated that the dismissal of the instant habeas corpus petition is warranted. Under the facts as alleged in the petition, petitioner cannot prove a set of facts under which he would be entitled to the writ.
 {¶ 15} Therefore, respondent's motion to dismiss under Civ.R. 12(B)(6) is granted. It is the order of this court that petitioner's entire habeas corpus petition is hereby dismissed.
JUDITH A. CHRISTLEY, J., WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, J., concur.