OPINION
{¶ 1} Petitioner-appellant Terrence Lucas appeals the February 18, 2005 Judgment Entry entered by the Richland County Court of Common Pleas, which granted the motion to dismiss of respondent-appellee Warden, Richland Correctional Institution.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 15, 1999, the Crawford County Grand Jury indicted appellant on five counts of trafficking in drugs, with a gun specification, and one count of having weapons under disability. Appellant entered a plea of guilty to the Indictment on August 18, 1999. The trial court sentenced appellant to an aggregate term of imprisonment of four years. Appellant is presently incarcerated at the Richland Correctional Institution.[1] Appellee is the warden of the facility.
 {¶ 3} On November 22, 2004, appellant filed a Writ of Habeas Corpus in the Richland County Court of Common Pleas. In his writ, appellant asserted his indictment was void because the Grand Jury foreman signed his name under the printed words, "A True Bill", instead of writing those words in longhand. Appellee filed a motion to dismiss on December 20, 2004. Appellant filed a response thereto on December 27, 2004. Appellant also filed a Motion for the Production of Evidence.
 {¶ 4} Via Judgment Entry filed February 18, 2005, the trial court granted appellee's motion to dismiss, denied appellant's request for production, and dismissed appellant's case with prejudice. A copy of the judgment entry was sent via regular U.S. mail to appellant at the Richland Correctional Institution. The correspondence was returned as undeliverable to the Richland County Clerk of Courts' Office on February 23, 2005. Appellant filed a Notice of Appeal on March 21, 2005. Subsequently, on April 12, 2005, the trial court issued a Judgment Entry of Dismissal of Writ of Habeas Corpus, dismissing appellant's writ for the same reasons set forth in the February 18, 2005 Judgment Entry.
 {¶ 5} Appellant raises the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRORED [SIC] TO THE PREJUDICE OF THE APPELLANT BY DENYING HIM HIS FIFTH AMENDMENT RIGHT SIXTH AMENDMENT RIGHT TO PROCEDURAL DUE PROCESS AND EQUAL PROTECTION OF THE LAW BY NOT CONSIDERING HIS MOTION FOR THE PRODUCTION OF THE EVIDENCE HIS MOTION TO DENY AND OVERRULE THE STATE OF OHIO'S MOTION TO DISMISS THE APPELLANT'S PETITION FOR THE WRIT OF HABEAS CORPUS, AT THE NON-ORAL HEARING HELD ON (02/01/05).
 {¶ 7} "II. THE TRIAL COURT ERRORED [SIC] BY DISMISSING THE APPELLANT'S PETITION FOR THE WRIT OF HABEAS CORPUS, FOR THE REASONS RAISED BY THE STATE OF OHIO, IN ITS MOTION TO DISMISS THE APPELLANT'S WRIT OF HABEAS CORPUS, FILED IN THE TRIAL COURT (11/22/04), AS THE DISMISSAL OF THE SAME WAS BASED UPON AN ERRONEOUS DECISION AND CONTRA TO THE U.S. AND OHIO'S CONSTITUTION, NOTWITHSTANDING, OHIO STATUTORY LAW.
 {¶ 8} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 9} "(E) Determination and judgment on appeal.
 {¶ 10} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 11} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 12} This appeal shall be considered in accordance with the aforementioned rule.
 I, II {¶ 13} Because appellant's assignments of errors are interrelated, we shall address said assignments of error together. In his first assignment of error, appellant maintains the trial court erred in overruling his motion for the production of evidence as well as disregarding his motion in opposition to appellee's motion to dismiss. In his second assignment of error, appellant contends the trial court erred in dismissing his writ of habeas corpus as such dismissal was based on an erroneous decision.
 {¶ 14} As set forth supra, appellant's writ of habeas corpus was based upon his assertion the indictment issued by the Crawford County Grand Jury was void ab initio as a result of the Grand Jury foreman's failure to write in longhand "A True Bill" above his signature pursuant to R.C.2939.20. On appellant's Indictment, the words "A True Bill" were typed above the Grand Jury foreman's signature. For the following reasons, we find appellant's assignments of error not well-taken.
 {¶ 15} First, we find a habeas corpus action is not the proper vehicle in which to challenge the validity or sufficiency of an indictment. The Ohio Supreme Court has repeatedly held claims challenging the validity or sufficiency of an indictment must be raised in a direct appeal and cannot be heard in a habeas corpus action. State ex rel. Raglin v. Brigano,82 Ohio St.3d 410, 1998-Ohio-222; Thornton v. Russell, 82 Ohio St.3d 93,1998-Ohio-268; Douglas v. Money, 85 Ohio St.3d 348, 1999-Ohio-381; Stateex rel. Bragg v. Seidner, 92 Ohio St.3d 87, 2001-Ohio-152; and Buosciov. Bagley, 91 Ohio St.3d 134, 2001-Ohio-298. Accordingly, we find appellant is barred from raising this issue.
 {¶ 16} Furthermore, even if habeas corpus was appropriate, we find the indictment was not defective. In Ruch v. State (1924), 111 Ohio St. 580, the Ohio Supreme Court held:
 {¶ 17} "Section 13571, General Code, provides that, when an indictment is found the foreman of the grand jury shall indorse on such indictment the words `A true bill,' and subscribe his name as foreman. It is a sufficient compliance with that statutory requirement that the indictment have the words `A true bill' printed thereon, and that the foreman of the grand jury subscribe his name thereto as foreman." Id. at syllabus para. one.
 {¶ 18} Because the Crawford County indictment against appellant did, in fact, contain the words, "A True Bill", on its face, we find the requirement set forth in R.C. 2939.20 was fulfilled, and appellant's assertion in this regard is without merit.
 {¶ 19} Based upon the foregoing, appellant's first and second assignments of errors are overruled.
 {¶ 20} The judgment of the Richland County Court of Common Pleas is affirmed.
Hoffman, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellant was granted judicial release on February 14, 2001, but subsequently returned to the institution in September, 2001, after he violated his probation.