OPINION *Page 2 
{¶ 1} Petitioner-appellant Duane P. Gibson appeals the August 29, 2008 Final Dismissal Entry entered by the Richland County Court of Common Pleas, which dismissed his Petition for Writ of Habeas Corpus. Respondent-appellee is Julius Wilson, Warden of Richland Correctional Institution.
 STATEMENT OF THE CASE[1] {¶ 2} On September 6, 2000, Appellant pled guilty to one count of aggravated arson and one count of burglary in the Summit County Court of Common Pleas Case No. CR-2000-03-0517. The trial court accepted the plea and sentenced Appellant to an aggregate term of imprisonment of 14 years. Appellant appealed to the Ninth District Court of Appeals, which affirmed the conviction and sentence. State v. Gibson (May 19, 2004), Summit App. No. 21838, unreported. Thereafter, Appellant filed numerous motions in both State and federal court, attempting to have his sentence vacated.
 {¶ 3} On February 7, 2008, Appellant filed a Petition for Writ of Habeas Corpus. Therein, Appellant sought immediate release from confinement, asserting his conviction was void due to defects in the pre-indictment and preliminary hearing process. Appellee was served a copy of the petition on February 13, 2008, however, Appellee did not receive a summons or order to answer. After Appellee failed to defend or otherwise respond, Appellant filed a Motion for Default Judgment on March 27, 2008. The court administrator for the Richland County Court of Common Pleas sent a written correspondence to the Ohio Attorney General requesting a response to the petition. On *Page 3 
July 3, 2008, Appellee filed a Motion to Dismiss pursuant to Civ. R. 12(B)(6). Appellant filed a motion in opposition thereto. Via Final Dismissal Entry filed August 28, 2008, the trial court granted Appellee's motion and dismissed the case. The trial court found Appellant's petition failed to state a claim upon which relief could be granted as the argument upon which Appellant based his petition could not be heard in a habeas corpus proceeding.
 {¶ 4} It is from this entry Appellant appeals raising the following assignments of error:
 {¶ 5} "I. WHETHER THE TRIAL COURT, IN AN ORIGINAL ACTION FOR WRIT OF HABEAS CORPUS, ABUSED ITS DISCRETION THEREBY VIOLATING DUE PROCESS AND EQUAL PROTECTION OF LAW GUARANTEES WHEN IT GRANTED RESPONDENT'S MOTION TO DISMISS PURSUANT TO CIV. R. 12(B)(6) WHEN THE RECORD ON ITS FACT PRESENTED CLEAR AND COMPELLING CLAIMS UPON WHICH RELIEF COULD BE GRANTED.
 {¶ 6} "II. WHETHER, AND WHEN A PARTY IS IN `ACTIVE DEFAULT,' AND ITS DEFAULT IS EVIDENT ON THE FACE OF THE DOCKET OF A COURT, SUCH DEFAULTED PARTY MAY LAWFULLY RECOVER FROM ITS DEFAULT BY FILING A MOTION TO DISMISS UNDER CIV. R. 12 (B)(6)
 {¶ 7} "III. WHETHER THE DOCTRINE OF RES JUDICATA MAY BE PROPERLY ASSERTED IN A MOTION TO DISMISS UNDER CIV. R. 12(B)(6). SEE: NELSON V. TUBBS-JONES, N.E. 2D. (CITATION OMITTED)." *Page 4 
 I, III {¶ 8} Because Appellant's first and third assignments of error are interrelated, we shall address said assignments of error together. In his first assignments of error, Appellant maintains the trial court abused its discretion in granting Appellee's motion to dismiss because the record sets forth clear and compelling claims upon which relief could be granted. In his third assignment of error, Appellant submits a party moving for dismissal pursuant to Civ. R. 12(B)(6) cannot properly assert res judicata as a basis for such dismissal.
 {¶ 9} "A writ of habeas corpus is warranted in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law."Johnson v. Timmeman-Cooper (2001), 93 Ohio St.3d 614, 616,757 N.E.2d 1153, quoting, Pegan v. Crawmer (1996), 76 Ohio St.3d 97, 99,666 N.E.2d 1091. Habeas corpus relief is not available where there is an adequate remedy at law. State ex rel. Fryerson v. Tlate (1999),84 Ohio St.3d 481, 485, 705 N.E.2d 353.
 {¶ 10} Habeas corpus may not be used as a substitute for appeal or post-conviction relief. If an issue raised in a petition for a writ of habeas corpus could have been raised on direct appeal or in a petition for post-conviction relief, the petition for a writ of habeas corpus will be denied. See generally, Heddleston v. Mack, 84 Ohio St.3d 213,1998-Ohio-320, 702 N.E.2d 1198; Garrett v. Wilson, L 2729847, *1 -2 (Ohio App. 5 Dist. 2007).
 {¶ 11} Appellant contends the indictment process in Summit County was not legal; therefore, the State did not have authority to indict him. In his Petition for Writ of *Page 5 
Habeas Corpus, Appellant also argued he should be discharged because he did not have a preliminary hearing.
 {¶ 12} First, an indictment by the grand jury renders any defects in the preliminary hearing moot. State v. Washington (1986),30 Ohio App.3d 98, 99; and Styer v. Bricta (1990), 69 Ohio App.3d 738. Therefore, habeas corpus will not lie to effect immediate discharge for failure to hold a preliminary hearing when the grand jury has indicted the individual. Nash v. McFaul, Cuyahoga App. No. 81439, 2002-Ohio-3647; andJerninghan v. McFaul (Jan 7, 1999), Cuyahoga App. No. 75587.
 {¶ 13} Further, a habeas corpus action is not the proper vehicle in which to challenge the validity or sufficiency of an indictment. The Ohio Supreme Court has repeatedly held claims challenging the validity or sufficiency of an indictment must be raised in a direct appeal and cannot be heard in a habeas corpus action. State ex rel. Raglin v.Brigano, 82 Ohio St.3d 410, 696 N.E.2d 585, 1998-Ohio-222; Thornton v.Russell, 82 Ohio St.3d 93, 694 N.E.2d 464, 1998-Ohio-268; Douglas v.Money, 85 Ohio St.3d 348, 708 N.E.2d 697, 1999-Ohio-381; State ex rel.Bragg v. Seidner, 92 Ohio St.3d 87, 748 N.E.2d 532, 2001-Ohio-152; andBuoscio v. Bagley, 91 Ohio St.3d 134, 742 N.E.2d 652, 2001-Ohio-298.
 {¶ 14} Finally, a guilty plea waives any defect in either the preliminary process or the indictment. State v. Spates,64 Ohio St.3d 269, 1992-Ohio-130; and State v. Gant, Third App. Dist. No. 1-08-22,2008-Ohio-5406.
 {¶ 15} Because Appellant possessed an adequate remedy in the ordinary course of law by direct appeal or post-conviction proceedings to raise these contentions, he is *Page 6 
barred from raising these issues in a writ of habeas corpus. Cf.State ex rel. Jackson v. Allen (1992), 65 Ohio St.3d 37.
 {¶ 16} Appellant's first and third assignments of error are overruled.
 II {¶ 17} In his second assignment of error, Appellant challenges the trial court's denial of his motion for default judgment. Appellant explains he filed his Petition for Writ of Habeas Corpus on February 7, 2008, and successful service was made upon Appellee on February 13, 2008. Appellant submits Appellee was required to answer or otherwise defend within 28 days thereafter, on or before March 12, 2008. Appellee failed to do so. Appellant filed his motion for default judgment on March 27, 2008.
 {¶ 18} "[F]or a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void."Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61, 64,133 N.E.2d 606; see, also, Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd.of Revision (2000), 87 Ohio St.3d 363, 366-367, 721 N.E.2d 40;Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bod. ofRevision, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, at ¶ 20.
 {¶ 19} The record reveals Appellant failed to request a service of summons upon Appellee. Appellee was not required to file an answer or entry of appearance until properly served. Therefore Appellee was not in default, and Appellant was not entitled to default judgment.[2]
 {¶ 20} Appellant's second assignment of error is overruled. *Page 7 
 {¶ 21} The judgment of the Richland County Court of Common Pleas is affirmed.
 Hoffman, P.J., Wise, J. and Delaney, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] A Statement of the Facts underlying Appellant's original conviction and sentence is not necessary to our disposition of this appeal; therefore, such shall not be included herein.
[2] We are not convinced default judgment as provided for in the Civil Rules is available as habeas corpus is a special proceeding. *Page 1