[Cite as *State v. Clemmons*, 2023-Ohio-1832.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29638 |
| | : | |
| v. | : | Trial Court Case No. 2007 CR 04544 |
| | : | |
| GREGORY CLEMMONS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 2, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

GREGORY CLEMMONS, Pro Se Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Gregory Clemmons, pro se, appeals from the trial court's denial of his "motion for leave to file motion to vacate and set aside judgment and conviction, pursuant to R.C. 2953.23 or in the alternative motion for leave to file motion for new trial instanter." He claims that the trial court erred in denying the portion related to his motion for leave to file a motion for a new trial. For the following reasons, the trial court's judgment will be

affirmed.

## I. Facts and Procedural History

{¶ 2} In December 2007, Clemmons was indicted in the Montgomery County Court of Common Pleas on one count of rape of a child under the age of 10, in violation of R.C. 2907.02(A)(1)(b). The charge related to five-year-old J.T., who was the granddaughter of Clemmons's girlfriend. Clemmons was tried before a jury, which found him guilty as charged. The trial court sentenced him to life imprisonment with parole eligibility after 15 years and classified him as a Tier III sex offender. We affirmed Clemmons's conviction on direct appeal. *State v. Clemmons*, 2d Dist. Montgomery No. 22747, 2009-Ohio-2066.

{¶ 3} Since his conviction, Clemmons has filed numerous post-conviction motions and petitions, leading to five additional prior appeals. In 2009, Clemmons sought post-conviction relief, arguing that his conviction had not been supported with sufficient evidence and that his trial counsel had been ineffective for failing to file a notice of alibi and to call alibi witnesses at trial. The trial court denied the petition. Clemmons appealed, but we dismissed for lack of prosecution. *State v. Clemmons*, 2d Dist. Montgomery No. 23629 (Jan. 25, 2010). In 2011, Clemmons sought post-conviction DNA testing, which was denied. We affirmed that decision. *State v. Clemmons*, 2d Dist. Montgomery No. 24377, 2011-Ohio-4474.

{¶ 4} In 2013, Clemmons filed motions to vacate his sentence, claiming he had been improperly classified as a Tier III sex offender under H.B. 10; the trial court did not address these motions. In 2017, in response to a separate motion, the trial court resentenced him for the sole purpose of properly imposing post-release control. We

affirmed the trial court's amended judgment of conviction. *State v. Clemmons*, 2d Dist. Montgomery No. 27769, 2018-Ohio-2747. In 2018, Clemmons again sought post-conviction relief, reiterating many of the issues from his 2009 petition. The trial court overruled the petition as untimely and barred by res judicata, and we affirmed. *State v. Clemmons*, 2d Dist. Montgomery No. 28085, 2019-Ohio-2997. In 2021, Clemmons filed a "claim of actual innocence," which the trial court interpreted as a petition for post-conviction relief. We affirmed the denial of that petition. *State v. Clemmons*, 2d Dist. Montgomery No. 29204, 2022-Ohio-27.

{¶ 5} On August 29, 2022, Clemmons filed a "motion for leave to file motion to vacate and set aside judgment and conviction, pursuant to R.C. 2953.23 or in the alternative motion for leave to file motion for new trial instanter," the motion now on appeal. He argued that his indictment was void because the grand jury foreperson's signature was forged. He further asserted that the prosecutor had committed a fraud on the court by knowingly pursuing the case with the fraudulent indictment. Clemmons stated that his daughter was told by the Montgomery County clerk of court in 2013 that the indictment was not "a true bill," and he detailed his efforts to pursue this issue. He also attached a sworn statement from Wendy Carlson, a certified forensic document examiner, who opined that the signature of Robert Cook (the grand jury foreman) on the indictment "was highly probably signed by a different person than either the persons who signed the purported known Robert Cook and Amy Hamm [the deputy grand jury foreperson] signatures." Clemmons separately sought the grand jury minutes.

{¶ 6} The trial court overruled the motions on October 14, 2022. Initially, the trial

court stated that defects in the indictment are not jurisdictional, must be raised on direct appeal, and cannot later be addressed in a collateral attack. It concluded:

> The court finds that Clemmons' petition amounts to a successive post-conviction proceedings [sic] and that he has failed to state substantive grounds for relief outside the record. Still further, the claims made in his petition all relate to matters that should have been raised in his direct appeal and are thus barred by res judicata. Additionally, Clemmons has failed to meet his burden for leave to file a motion for new trial in that he has not established by clear and convincing evidence that he was unavoidably prevented from filing his motion for a new trial within the statutory limits, nor that he has discovered new evidence in the form of facts associated with the proof of the allegations made in the sole count of the indictment. Despite his speculation, Clemmons' affidavit does not present evidence related to any prosecutorial misconduct or fraud on the court. There is no evidence that Clemmons was unavoidably prevented from discovering new evidence. Still further, the statements made in Petitioner's affidavit do not amount to newly discovered evidence as contemplated that could support leave to file a motion for a new trial. Clemmons' statements in his affidavit are not evidence that related to facts at trial, but instead relate to procedural matters unassociated with the proof at trial.

{¶ 7} Clemmons appeals from the trial court's judgment, claiming that it erred in denying him leave to file a motion for a new trial. He also filed a second appeal from this

same judgment, but we dismissed that appeal as untimely and duplicative. *State v. Clemmons*, 2d Dist. Montgomery No. 29646 (Nov. 21, 2022).

## II. Motion for Leave to File Motion for New Trial

{¶ 8} In this appeal, Clemmons claims that the trial court erred by determining the merits of his motion for a new trial before addressing whether to grant him leave to file the motion. He emphasizes that Crim.R. 33 involves a two-step process and that the sole issue before the trial court was whether he had established, by clear and convincing proof, that he was unavoidably prevented from discovering the evidence on which he sought to base his motion for a new trial.

{¶ 9} Motions for a new trial are governed by Crim.R. 33. A new trial may be granted if any of several grounds exist that materially affected the defendant's substantial rights, including (1) "irregularity in the proceedings * * * because of which the defendant was prevented from having a fair trial," (2) misconduct of the jury, (3) accident or surprise which ordinary prudence could not have guarded against, (4) the verdict is not sustained by sufficient evidence or is contrary to law, (5) error of law occurring at trial, and (6) newly discovered evidence. Crim.R. 33(A).

{¶ 10} Under Crim.R. 33(B), motions for a new trial based on newly discovered evidence must be filed within 120 days of the verdict. When the basis for the new trial is not newly discovered evidence, a motion for new trial must be made within 14 days after the verdict was rendered. Crim.R. 33(B). To file a motion for a new trial after the deadline, the defendant must first file a motion for leave, demonstrating by clear and convincing proof that he or she has been unavoidably prevented from filing the motion in

a timely fashion. *State v. Lenoir*, 2d Dist. Montgomery No. 26080, 2015-Ohio-1045, ¶ 14.

{¶ 11} "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Gapen*, 2d Dist. Montgomery No. 28808, 2021-Ohio-3252, ¶ 45, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). "Conversely, a defendant fails to demonstrate he or she was unavoidably prevented from discovering new evidence when he would have discovered that information earlier had he or she exercised due diligence and some effort." *State v. Smith*, 2d Dist. Montgomery No. 28307, 2019-Ohio-3591, ¶ 11.

{¶ 12} We review the trial court's ruling on a motion for leave to file an untimely Crim.R. 33 motion for an abuse of discretion. *Gapen* at ¶ 47. An abuse of discretion occurs when the decision of a court is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} Contrary to Clemmons's assertion, the trial court expressly addressed whether he had been unavoidably prevented from timely filing his motion for a new trial or from discovering the evidence upon which he relied, and it concluded that he had not. We find no abuse of discretion in the trial court's determination. The indictment was filed on December 5, 2007, and Clemmons was arrested five days later. Clemmons was provided a copy of the indictment at his arraignment on December 13, 2007. Clemmons did not ask his daughter to obtain a copy of the indictment until July 2013, and he did not

obtain the opinion of a handwriting expert until 2022. However, he has presented nothing to support the conclusion that he was prevented from investigating potential defects in the indictment earlier and from filing a timely motion for a new trial due to defects in the indictment.

{¶ 14} In overruling Clemmons's motion, the trial court further stated that Clemmons's evidence regarding the grand jury foreperson's signature was not the kind of new evidence that would support granting him a new trial. We also agree with that conclusion.

{¶ 15} Crim.R. 33(E) identifies bases upon which "[n]o motion for a new trial shall be granted or verdict set aside." Those bases include "[a]n inaccuracy or imperfection in the indictment, information, or complaint, provided that the charge is sufficient to fairly and reasonably inform the defendant of all the essential elements of the charge against him." Crim.R. 33(E)(1). Clemmons does not claim that the indictment failed to adequately inform him of the charge against him.

{¶ 16} The grand jury foreperson is required to "sign all indictments." Crim.R. 6(C); Crim.R. 7(B); R.C. 2939.20; *see also State v. Shutway*, 2d Dist. Champaign No. 2018-CA-39, 2020-Ohio-5035, ¶ 36. Under R.C. 2939.20, the grand jury foreperson also must indorse the indictment with the words "A true bill." It is well established, however, that a trial court is not deprived of jurisdiction when a grand jury foreperson fails to sign an indictment or it is alleged that the foreperson's signature was forged to perpetuate a fraud on the court. *VanBuskirk v. Wingard*, 80 Ohio St.3d 659, 660, 687 N.E.2d 776 (1998); *State ex rel. Justice v. McMackin*, 53 Ohio St.3d 72, 73, 558 N.E.2d 1183 (1990);

*see also Jones v. State*, 7 Ohio C.D. 305, 306, 14 Ohio C.C. 35, 1897 WL 660, *1 (Cir.Ct. Apr. 1, 1897). Rather, a defect concerning the grand jury foreperson's signature is a non-jurisdictional imperfection in the indictment, which cannot form the basis of motion for a new trial. Clemmons's purported new evidence was not relevant to his guilt or innocence or to whether he received a fair trial, and it did not support granting him a new trial.

{¶ 17} Clemmons's assignment of error is overruled.

### III. Conclusion

{¶ 18} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .


WELBAUM, P.J. and TUCKER, J., concur.